ORIGINAL

FILED

05 DEC -8 AM 11: 54

CLERK, U.S. DISTRICT COURT
SOUTHERN DISTRICT OF CALIFORNIA

PDC          DEPUTY

1  JEREMY A. ROTH, Bar No. 129007
   TINA M. FRYAR, Bar No. 190755
2  MICHELLE S. PARK, Bar No. 199224
   LITTLER MENDELSON
3  A Professional Corporation
   501 W. Broadway, Suite 900
4  San Diego, CA 92101.3577
   Telephone:    619.232.0441
5
6  Attorneys for Defendant
   PFIZER, INC.

7

8                UNITED STATES DISTRICT COURT

9               SOUTHERN DISTRICT OF CALIFORNIA

10 FERNANDO OBLITAS-RIOS, on behalf        Case No. 06 CV 2679 BTM    POR
   of himself and all others similarly situated,
11                                          NOTICE TO FEDERAL COURT OF
                Plaintiff,                  REMOVAL OF CIVIL ACTION
12
       v.
13                                          Complaint filed: November 1, 2006
   PFIZER, INC., a California Corporation;
14 and DOES 1 - 100, inclusive,

15              Defendant.

16

17 TO THE CLERK OF THE ABOVE-ENTITLED COURT AND TO PLAINTIFF AND HIS

18 ATTORNEYS OF RECORD:

19          PLEASE TAKE NOTICE THAT Defendant PFIZER, INC. ("Defendant") hereby

20 removes the state action described herein, filed in the Superior Court of the State of California,

21 County of San Diego, to the United States District Court for the Southern District of California,

22 pursuant to 28 U.S.C. sections 1441 and 1446. Defendant will promptly file in said Superior Court

23 its Notice to State Court and All Adverse Parties of Removal of Civil Action. A true and correct

24 copy of the Notice to state Court and All Adverse Parties of Removal of Civil Action, without its

25 accompanying exhibits, is attached hereto as Exhibit "A." This case is being removed based on the

26 existence of federal question jurisdiction.

27 ///

28 ///

LITTLER MENDELSON
A PROFESSIONAL CORPORATION
501 W. Broadway
Suite 900
San Diego, CA  92101.3577
619.232.0441

The grounds for removal are as follows:

1.      On November 1, 2006, an action was commenced against Defendant in the Superior Court of the State of California, County of San Diego, entitled <u>Fernando Oblitas-Rios, on behalf of himself and all others similarly situated vs. Pfizer, Inc., a California Corporation, and DOES 1—100, inclusive</u>, Case No. GIC 874925.

2.      Defendant was served with a copy of the Summons and a copy of the Complaint on November 10, 2006.  Copies of the Summons, the Complaint, the Civil Case Cover Sheet, and the Notice of Case Assignment are attached hereto as Exhibits "B", "C", "D", and "E." These Exhibits constitute all of the papers received by Defendant in the state court action.

3.      Defendant timely filed its Answer to Plaintiff's Complaint ("Answer") on December 7, 2006.  A copy of its Answer is attached hereto as Exhibit "F."

4.      This Notice to Federal Court of Removal of Civil Action is timely in that it is filed within thirty (30) days after Defendant was served with the Summons and Complaint.  <u>Murphy Brothers, Inc. v. Michetti Pipe Stringing, Inc.</u>, 119 S.Ct. 1322 (1999); <u>McAnally Enterprises, Inc. v. McAnally</u>, 107 F. Supp. 2d 1223, 1229 (C.D. Cal. 2000).

5.      This action is a civil action on which this Court has original jurisdiction under 28 U.S.C. section 1331 and 1332(a)(1) and (c)(1) and is one which may be removed to this Court by Defendant pursuant to the provisions of 28 U.S.C. sections 1441 (a), (b) and (c).

6.      Federal question jurisdiction exists based upon the following:

a.      The Complaint ("Complaint") alleges several causes of action for failure to pay overtime wages, failure to pay minimum wages, and related causes of action under the Fair Labor Standards Act ("FLSA"), Title 29 of the United States Code sections 201 *et seq.*, California Labor Code sections 1194 and 203, and Labor Code sections 226.7 and 226.  Complaint ("Compl."), *passim.*  Specifically, Plaintiff alleges in his Complaint, among other things, that ". . . Defendants fail[ed] to pay overtime pursuant to Business & Professions Code sections 17200 et seq., *29 U.S.C. sections 201 et seq. [the Fair Labor Standards Act ("FLSA")]*, Labor Code section 1194, Wage Order 4, section 3, Labor Code section ... 226.7." Compl., at ¶ 3 (emphasis added).  Further, Plaintiff alleges that "[t]his is a civil action seeking recovery for Plaintiff and all Class Members of

LITTLER MENDELSON
A PROFESSIONAL CORPORATION
501 W. Broadway
Suite 900
San Diego, CA 92101-3577
619.232.0441

1    overtime wages, denied meal and rest period pay, penalties for failure to comply with wage

2    statement provisions ... under California Labor Code sections 1194 and 203, I.W.C. Wage Order 4,

3    section 4, Labor Code section 226.7, Labor Code section 226, *and 29 U.S.C. sections 201 et seq., the*

4    *Fair Labor Standards Act (FLSA)."*   Compl., at ¶ 1 (emphasis added).  Plaintiff alleges that "[t]he

5    Fair Labor Standards Act, 29 U.S.C. section 201 et seq., (FLSA) states that an employee must be

6    paid overtime, equal to 1.5 times the employee's rate of pay, for all hours worked in excess of 40 per

7    week.  This court has concurrent jurisdiction over claims involving the FLSA pursuant to 29 U.S.C.

8    section 216(b)."  Compl., at ¶ 36.  Further, Plaintiff alleges that "Overtime Subclass B members

9    regularly work more than 40 hours per week, but are not paid overtime.  Subclass B members were

10   not "exempt" under the FLSA ..."  Compl., at ¶ 37.

11                    b.      Because Plaintiff's claims arise from alleged violations of federal law

12   pursuant to 29 U.S.C. sections 201 *et seq.* and 216, this case is removable pursuant to the Court's

13   original jurisdiction in that this claim arises under the laws of the United States of America.  28

14   U.S.C. § 1441(b).  In addition, supplemental jurisdiction exists over the state law claims in this

15   action. 28 U.S.C. §§ 1367, 1441(c).

16                    7.      Venue is proper in this Court in that this is the Court of the District embracing

17   the place where the action is pending in state court.  28 U.S.C. § 1441(a).

18                    8.      No bond is required for removal.  28 U.S.C. § 1446(d); <u>Rezendes v. Dow</u>

19   <u>Corning Corp.</u>, 717 F. Supp. 1435, 1438 n.2 (E.D. Cal. 1989).

20                    Wherefore, Defendant PFIZER, INC. hereby removes the civil action against it in the

21   Superior Court of the State of California, County of San Diego, to this Honorable District Court.

22   Dated: December ___8___, 2006

23

24                                                    _____

25                                                    JEREMY A. ROTH
                                                      TINA M. FRYAR
26                                                    MICHELLE S. PARK
                                                      LITTLER MENDELSON
27                                                    A Professional Corporation
                                                      Attorneys for Defendant
28                                                    PFIZER, INC.

Firmwide:81729948.1 051034.1019

NOTICE TO FEDERAL COURT OF             3.      Case No. _____
REMOVAL

LITTLER MENDELSON
A PROFESSIONAL CORPORATION
501 W. Broadway
Suite 900
San Diego, CA 92101 3577
619 232.0441

ORIGINAL

**PROOF OF SERVICE**

     I am a resident of the State of California, over the age of eighteen years, and not a party to the within action. My business address is 701 "B" Street, #324, San Diego, California 92101. On December 8, 2006, I served the within document(s):

     **NOTICE TO FEDERAL COURT OF REMOVAL OF CIVIL ACTION**

     **DEFENDANT'S NOTICE OF PARTY WITH FINANCIAL INTEREST**

     **NOTICE OF RELATED CASES**

     **DECLARATION OF JEREMY A. ROTH REGARDING NOTICE TO STATE COURT OF REMOVING OF CIVIL ACTION TO FEDERAL COURT**

     **CIVIL COVER SHEET**

    ☒     by personally delivering a copy of the document(s) listed above to the person(s) at the address(es) set forth below.

Timothy D. Cohelan, Esq.        Attorneys for Plaintiffs
Isam C. Khoury, Esq.
Michael D. Singer, Esq.
COHELAN & KHOURY
605 C Street, Suite 200
San Diego, CA 92101-5305
Phone: 619.595.3001
Fax:   619.595.3000

     Executed on December 8, 2006, at San Diego, California.

_____
WORLDWIDE NETWORK

LITTLER MENDELSON
A PROFESSIONAL CORPORATION
501 W. Broadway
Suite 900
San Diego, CA 92101-3577
619.232.0441

PROOF OF SERVICE
Firmwide:81756818.1 051034.1019

CASE No. _____

EXHIBIT A

1     JEREMY A. ROTH, Bar No. 129007
     TINA M. FRYAR, Bar No. 190755
2     MICHELLE S. PARK, Bar No. 199224
     LITTLER MENDELSON
3     A Professional Corporation
     501 W. Broadway, Suite 900
4     San Diego, CA 92101.3577
     Telephone:    619.232.0441

5

6     Attorneys for Defendant
     PFIZER, INC.

7

8                SUPERIOR COURT OF THE STATE OF CALIFORNIA

9                       COUNTY OF SAN DIEGO

| | |
|---|---|
| 10   FERNANDO OBLITAS-RIOS, on behalf of himself and all others similarly situated, | Case No. GIC 874925 |
| 11 | **NOTICE TO STATE COURT AND ALL ADVERSE PARTIES OF REMOVAL OF CIVIL ACTION** |
| 12           Plaintiff, | |
| 13      v. | |
| 14   PFIZER, INC., a California Corporation; and DOES 1 - 100, inclusive, | Complaint filed: November 1, 2006 |
| 15           Defendant. | |

16

17

18

19

20

21

22

23

24

25

26

27

28

LITTLER MENDELSON
A PROFESSIONAL CORPORATION
501 W. Broadway
Suite 900
San Diego, CA 92101 3577
619 232 0441

Firmwide:81729940.1 051034.1019

NOTICE TO STATE COURT AND ALL ADVERSE PARTIES OF REMOVAL

1  TO THE CLERK OF THE ABOVE-ENTITLED COURT AND TO PLAINTIFF AND HIS

2  ATTORNEYS OF RECORD:

3        PLEASE TAKE NOTICE THAT Defendant PFIZER, INC. filed on December 8,

4  2006, its Notice to Federal Court of Removal of Civil Action in the office of the Clerk of the United

5  States District Court for the Southern District of California pursuant to 28 U.S.C. sections 1331,

6  1332, 1441 and 1446.  Copies of said notice and its accompanying exhibits are attached hereto as

7  Exhibit "1."

8        PLEASE TAKE FURTHER NOTICE THAT the filing of said notice in Federal

9  Court, together with the filing of a copy of said notice with this Court, effects the removal of this

10  action in accordance with 28 U.S.C. section 1446(d).

11  Dated: December _____, 2006

12

13                                _____

14                                JEREMY A. ROTH

15                                TINA M. FRYAR
                              MICHELLE S. PARK
                              LITTLER MENDELSON

16                                A Professional Corporation
                              Attorneys for Defendant
                              PFIZER, INC.

17

18

19

20

21

22

23

24

25

26

27

28

LITTLER MENDELSON
A Professional Corporation
501 W. Broadway
Suite 900
San Diego, CA 92101-3577
619.232.0441

Firmwide:81729940.1 051034.1019              1.

NOTICE TO STATE COURT AND ALL ADVERSE PARTIES OF REMOVAL

| | | **SUM-100** |
|---|---|---|
| **SU_ _ONS** | | |
| *(CITACION JUDICIAL)* | | |

**NOTICE TO DEFENDANT:**
*(AVISO AL DEMANDADO):*
PFIZER, INC., a California Corporation; and DOES 1-
100, inclusive

FOR COURT USE ONLY
*(SOLO PARA USO DE LA CORTE)*

CIVIL BUSINESS OFFICE 9
CENTRAL

2006 NOV -1 P 3: 45

CLERK ___ COURT
SAN ___ CA

**YOU ARE BEING SUED BY PLAINTIFF:**
*(LO ESTÁ DEMANDANDO EL DEMANDANTE):*
FERNANDO OBLITAS-RIOS, on behalf of himself and all
others similarly situated

---

You have 30 CALENDAR DAYS after this summons and legal papers are served on you to file a written response at this court and have a copy served on the plaintiff.   A letter or phone call will not protect you. Your written response must be in proper legal form if you want the court to hear your case. There may be a court form that you can use for your response. You can find these court forms and more information at the California Courts Online Self-Help Center (www.courtinfo.ca.gov/selfhelp), your county law library, or the courthouse nearest you.  If you cannot pay the filing fee, ask the court clerk for a fee waiver form.  If you do not file your response on time, you may lose the case by default, and your wages, money, and property may be taken without further warning from the court.

There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may want to call an attorney referral service. If you cannot afford an attorney, you may be eligible for free legal services from a nonprofit legal services program. You can locate these nonprofit groups at the California Legal Services Web site (www.lawhelpcalifornia.org), the California Courts Online Self-Help Center (www.courtinfo.ca.gov/selfhelp), or by contacting your local court or county bar association.

*Tiene 30 DÍAS DE CALENDARIO después de que le entreguen esta citación y papeles legales para presentar una respuesta por escrito en esta corte y hacer que se entregue una copia al demandante. Una carta o una llamada telefónica no lo protegen. Su respuesta por escrito tiene que estar en formato legal correcto si desea que procesen su caso en la corte. Es posible que haya un formulario que usted pueda usar para su respuesta. Puede encontrar estos formularios de la corte y más información en el Centro de Ayuda de las Cortes de California (www.courtinfo.ca.gov/selfhelp/espanol/), en la biblioteca de leyes de su condado o en la corte que le quede más cerca. Si no puede pagar la cuota de presentación, pida al secretario de la corte que le dé un formulario de exención de pago de cuotas. Si no presenta su respuesta a tiempo, puede perder el caso por incumplimiento y la corte le podrá quitar su sueldo, dinero y bienes sin más advertencia.*

*Hay otros requisitos legales. Es recomendable que llame a un abogado inmediatamente. Si no conoce a un abogado, puede llamar a un servicio de remisión a abogados. Si no puede pagar a un abogado, es posible que cumpla con los requisitos para obtener servicios legales gratuitos de un programa de servicios legales sin fines de lucro. Puede encontrar estos grupos sin fines de lucro en el sitio web de California Legal Services, (www.lawhelpcalifornia.org), en el Centro de Ayuda de las Cortes de California, (www.courtinfo.ca.gov/selfhelp/espanol/) o poniéndose en contacto con la corte o el colegio de abogados locales.*

---

| | |
|---|---|
| The name and address of the court is:<br>*(El nombre y dirección de la corte es):*<br>San Diego Superior Court<br>Hall of Justice<br>330 West Broadway<br>San Diego, CA 92101<br>Central | **CASE NUMBER:**<br>*(Número del Caso):*<br>**GIC 874925** |

The name, address, and telephone number of plaintiff's attorney, or plaintiff without an attorney, is:
*(El nombre, la dirección y el número de teléfono del abogado del demandante, o del demandante que no tiene abogado, es):*
Timothy D. Cohelan, Esq. SBN 60827     619-595-3001     619-595-3000
Michael D. Singer, Esq. SBN 115301
COHELAN & KHOURY, 605 C Street, Suite 200
San Diego, CA 92101

| DATE: | Clerk, by | , Deputy |
|---|---|---|
| *(Fecha)* NOV 0 1 2006 | *(Secretaria)* B. MORGAN | *(Adjunto)* |

*(For proof of service of this summons, use Proof of Service of Summons (form POS-010).)*
*(Para prueba de entrega de esta citatión use el formulario Proof of Service of Summons, (POS-010)).*

**NOTICE TO THE PERSON SERVED:** You are served
1. [ ] as an individual defendant.
2. [ ] as the person sued under the fictitious name of *(specify):*

3. [ ] on behalf of *(specify):*

under: [ ] CCP 416.10 (corporation)       [ ] CCP 416.60 (minor)
[ ] CCP 416.20 (defunct corporation)      [ ] CCP 416.70 (conservatee)
[ ] CCP 416.40 (association or partnership) [ ] CCP 416.90 (authorized person)
[ ] other *(specify):*
4. [ ] by personal delivery on *(date):*

[SEAL]

Page 1 of 1

| | | |
|---|---|---|
| Form Adopted for Mandatory Use<br>Judicial Council of California<br>SUM-100 [Rev. January 1, 2004] | **SUMMONS** | Code of Civil Procedure §§ 412.20, 465 |

Legal
Solutions
Plus

EXHIBIT C

RECEIVED
11/10/06

CTE/320
CX/55C

CIVIL
2006 NOV -1 P 3:45

1  Timothy D. Cohelan, Esq., SBN 60827
   Isam C. Khoury, Esq., SBN 58759
2  Michael D. Singer, Esq., SBN 115301
   **COHELAN & KHOURY**
3  605 C Street, Suite 200
   San Diego, CA 92101-5305
4  TEL: (619) 595-3001
   FAX: (619) 595-3000
5

6  Attorneys for Plaintiff FERNANDO OBLITAS-RIOS
   on behalf of himself and all others similarly situated
7

8          **SUPERIOR COURT OF THE STATE OF CALIFORNIA**

9                    **COUNTY OF SAN DIEGO**

10 FERNANDO OBLITAS-RIOS, on behalf of )  CASE NO.  GIC **874925**
   himself and all others similarly situated, )
11                                            )  **CLASS ACTION COMPLAINT**
                                              )
12                                            )
                                              )  **1. Restitution of Overtime Wages (Bus. &**
13              Plaintiff,                     )  **Professions Code 17200, et seq.; 29 U.S.C.**
                                              )  **§§201, et seq.)**
14                                            )
        vs.                                   )  **2. Restitution of Overtime Wages (I.W.C.**
15                                            )  **Wage Order 4-2001)**
                                              )
16                                            )  **3. Failure to Pay Overtime Wages (Labor**
   PFIZER, INC., a California Corporation; and )  **Code §1194)**
17 DOES 1-100, inclusive,                     )
                                              )  **4. Restitution of Overtime Wages (Bus. &**
18                                            )  **Prof. Code §§17200 et seq.)**
                                              )
19                                            )  **5. Failure to Pay Overtime Wages (Labor**
                                              )  **Code §1194)**
20              Defendants.                    )
                                              )  **6. Failure to Pay Minimum Wages (I.W.C.**
21                                            )  **Wage Order 4, Section 4; Labor Code**
                                              )  **§1194)**
22                                            )
                                              )  **7. Failure to Provide Meal Periods (Labor**
23                                            )  **Code §226.7)**
                                              )
24                                            )  **8. Failure to Provide Rest Periods (Labor**
                                              )  **Code §226.7)**
25                                            )  **9. Illegal Record Keeping (Labor Code**
                                              )  **§226)**
26                                            )
                                              )  **10. Unfair Business Practices (Bus. & Prof.**
27                                            )  **Code §17200, et seq.)**
                                              )
28 ─────────────────────────────────────────  )  **11. Conversion**
   CLASS ACTION COMPLAINT                      )

Jury
Demand

| | )  **12. Declaratory Relief** |
|---|---|
| | ) |
| | )  **DEMAND FOR JURY TRIAL** |
| | ) |

Plaintiff FERNANDO OBLITAS-RIOS, on behalf of himself and all others similarly situated (herein referred to as "Plaintiff"), hereby files this Complaint against Defendants PFIZER, INC. and DOES 1-100 (hereinafter collectively referred to as "Defendants" or "PFIZER"). Plaintiff is informed and believes, and on the basis of that information and belief, alleges as follows:

**I.**

**INTRODUCTION**

1.     This is a civil action seeking recovery for Plaintiff and all Class Members of overtime wages, denied meal and rest period pay, penalties for failure to comply with wage statement provisions which are derivative of the causes action in this Complaint, and waiting time penalties, plus interest, attorneys' fees and costs under California Labor Code sections 1194 and 203, I.W.C. Wage Order 4, section 4, Labor Code section 226.7, Labor Code section 226, and 29 U.S.C. sections 201 et seq., the Fair Labor Standards Act (FLSA). Plaintiff, on behalf of himself and all other members of the class alleged herein, also brings an action for monetary recovery for Defendants' violations of California Business and Professions Code sections 17200, et seq., including full restitution of all compensation retained by Defendants as a result of their unlawful, fraudulent and unfair business practices, as well as injunctive relief.

2.     Defendants operate and, at all times during the relevant time period or liability period (four years prior to the filing of the Complaint in this matter), have done business as a manufacturer of prescription drugs throughout the state of California. Defendants have, among other things, employed persons as Pharmaceuticals Representatives and/or equivalent positions to promote and market prescription drugs manufactured by PFIZER to physicians and hospitals.

3.     Defendants' corporation manufactures prescription drugs and sells the same to physicians, hospitals, and pharmacies within the state of California and throughout the United States. In their endeavor, Defendants employs Pharmaceutical Representatives, to promote and

CLASS ACTION COMPLAINT

Case 3:07-cv-02859-BTM-POR Document 11-2 Filed 02/08/2006 Page 13 of 48

1 market the various prescription drugs manufactured by them. At no time do the Pharmaceutical

2 Representatives directly or indirectly sell prescription drugs to physicians, hospitals, or

3 pharmacies. It is Defendants' uniform policy and procedure to pay Pharmaceuticals

4 Representatives a base salary and a bonus without premium overtime pay or denied meal and

5 rest period compensation, and in so doing Defendants fail to pay overtime pursuant to Business

6 & Professions Code sections 17200 et seq., 29 U.S.C. sections 201 et seq., Labor Code section

7 1194, Wage Order 4, section 3, Labor Code section and 226.7.

8 **II.**

9 **JURISDICTION AND VENUE**

10     4.    Plaintiff FERNANDO OBLITAS-RIOS is an individual residing in the County

11 of San Diego, State of California. Plaintiff was employed by PFIZER at all times relevant

12 herein. The Plaintiff and each Class Member was an employee of Defendant PFIZER within the

13 State of California and was subject to the unlawful policies during the past four years.

14     5.    Plaintiff brings this action on behalf of himself, similarly situated employees of

15 Defendant PFIZER and the public pursuant to Business and Professions Code sections 17200, et

16 seq.

17     6.    At all times herein mentioned, on information and belief, Defendant PFIZER,

18 INC. was and is a corporation organized and existing under the laws of the State of California

19 and licensed to do business in California, and, in concert with other defendants, were and are

20 doing business in California, including the County of San Diego.

21     7.    The California Superior Court has jurisdiction in this matter due to PFIZER's

22 violations of Labor Code sections 203, 226, 226.7, 512, and 1194, and Business and Professions

23 Code sections 17200, et seq., and related common law principles.

24     8.    The California Superior Court also has jurisdiction in this matter because both

25 the individual and aggregate monetary damages and restitution sought herein exceed the

26 minimal jurisdictional limits of the Superior Court and will be established at trial, according to

27 proof. Venue as to each Defendant is proper in this judicial district, pursuant to California Code

28 of Civil Procedure sections 395 (a) and 395.5 because plaintiffs reside in San Diego County and

CLASS ACTION COMPLAINT

1  at least some of the acts complained of herein occurred in the County of San Diego.  Each

2  Defendant either owns, maintains offices, transacts business, has an agent or agents within the

3  County of San Diego, has its principal place of business in the County of San Diego or

4  otherwise is found within the County of San Diego and each Defendant is within the jurisdiction

5  of this Court for purposes of service of process.

6                                             **III.**

7                                          **PARTIES**

8  **A.    Plaintiff**

9          9.     Plaintiff FERNANDO OBLITAS-RIOS is an individual over the age of eighteen

10  (18) and is and/or at all times mentioned in this Complaint was a resident of the state of

11  California.

12         10.    Plaintiff FERNANDO OBLITAS-RIOS has worked for Defendants as a

13  California-based Pharmaceuticals Representative during the relevant time period.

14         11.    Plaintiff FERNANDO OBLITAS-RIOS was required to work hours in excess of

15  eight hours per day and 40 hours per week without being paid premium overtime wages and was

16  not paid denied meal and rest period pay.

17         12.    Plaintiff FERNANDO OBLITAS-RIOS alleges that Defendants did not maintain

18  accurate records pursuant to Labor Code section 226(a) and seeks penalties from Defendants

19  pursuant to Labor Code section 226(e).

20         13.    Plaintiff FERNANDO OBLITAS-RIOS no longer works for Defendants and

21  seeks waiting time penalties from Defendants pursuant to Defendants' violations of Labor Code

22  section 203.

23  **B.    Defendants**

24         14.    Defendant PFIZER, INC. is now and/or at all times mentioned in this Complaint

25  was a California Corporation qualified to do business and actually doing business in the state of

26  California.  PFIZER, INC. owns and operates an industry, business and establishment in

27  numerous separate geographical locations within the state of California, including, but not

28  limited to, the County of San Diego, for the purpose of manufacturing prescription drugs, and

CLASS ACTION COMPLAINT

                                            **-4-**

1 selling the same to physicians, hospitals, and pharmacies within the state of California and
2 throughout the United States.

3       15.    DOES 1 through 100, inclusive are now, and/or at all times mentioned in this
4 Complaint were, licensed to do business and/or actually doing business in the state of California.

5       16.    The true names and capacities, whether individual, corporate, associate, or
6 otherwise, of Defendants sued herein as DOES 1 through 100, inclusive, are currently unknown
7 to Plaintiff, who therefore sues Defendants by such fictitious. Plaintiff is informed and believes,
8 and based thereon alleges, that each of the Defendants designated herein as a DOE is legally
9 responsible in some manner for the unlawful acts referred to herein. Plaintiff will seek leave of
10 court to amend this Complaint to reflect the true names and capacities of the Defendants
11 designated hereinafter as DOES when such identities become known.

12       17.    Plaintiff is informed and believes, and based thereon alleges, that each
13 Defendant acted in all respects pertinent to this action as the agent of the other Defendants,
14 carried out a joint scheme, business plan or policy in all respects pertinent hereto, and the acts of
15 each Defendants are legally attributable to the other Defendants as each Defendant has ratified,
16 approved, and authorized the acts of each of the remaining Defendants with full knowledge of
17 said acts.

18 <center>**IV.**</center>

19 <center>**CLASS ACTION ALLEGATIONS**</center>

20       18.    Plaintiff brings this action on behalf of himself and all others similarly situated,
21 as a class action pursuant to California Code of Civil Procedure section 382. The class which
22 Plaintiff seeks to represent is composed of and defined as follows:

23
24            All current and former California-based employees having a title
of Pharmaceutical Representative and/or other similarly
designated titles, who have worked for Defendant PFIZER, INC.
25            within the last four (4) years from the filing of the Complaint up
to and including the time of trial for this matter (hereafter
26            "Pharmaceutical Representatives").

27       19.    The subclasses Plaintiff will seek to certify are currently composed of and
28 defined as follows:

CLASS ACTION COMPLAINT

<center>**-5-**</center>

1         a.     All of Defendants' California-based Pharmaceutical Representatives who

2 worked in excess of 8 hours per day and/or 40 hours per week during the applicable statutory

3 period who were not paid overtime wages (hereinafter, "Overtime Subclass A");

4         b.     All of Defendants' California-based Pharmaceutical Representatives who

5 worked in excess of 40 hours per day week during the applicable statutory period who were not

6 paid overtime wages (hereinafter, "Overtime Subclass B");

7         c.     All of Defendants' California-based Pharmaceutical Representatives who

8 Defendant mis-classified as exempt from overtime requirements during the applicable statutory

9 period under exemptions other than the commissioned salesperson exemption ("Overtime

10 Subclass C");

11         d.     All of Defendants' California-based Pharmaceutical Representatives and

12 related positions, who did not receive all meal periods or commensurate pay during the

13 applicable statutory period (hereinafter, "Meal Period Subclass");

14         e.     All of Defendants' California-based Pharmaceutical Representatives and

15 related positions, who did not receive all rest periods or commensurate pay during the applicable

16 statutory period(hereinafter, "Rest Period Subclass");

17         f.     All of Defendants' California-based employees during the relevant time

18 period for whom Defendants did not maintain accurate records regarding deductions and gross

19 and net wages earned pursuant to Labor Code section 226(a) during the applicable statutory

20 period (hereinafter, the "Illegal Records Subclass").

21     20.     The Overtime Subclass A, Overtime Subclass B, Overtime Subclass C, Meal

22 Period Subclass, Rest Period Subclass and Illegal Records Subclass are hereinafter collectively

23 referred to as the "Subclasses."

24     21.     Throughout discovery in this litigation, Plaintiff may find it appropriate and/or

25 necessary to amend the definition of the Class or Subclasses. In any event, Plaintiff will

26 formally define and designate a class definition at such time when Plaintiff seeks to certify the

27 Class and Subclasses alleged herein.

28

---

CLASS ACTION COMPLAINT

22.     **Ascertainable Class**: The proposed class and each subclass are ascertainable in that their members can be identified and located using information contained in Defendants' payroll and personnel records.

23.     **Numerosity**: The potential quantity of members of the Class and Subclasses as defined is so numerous that joinder of all members would be unfeasible and impractical. The disposition of their claims through this class action will benefit both the parties and this Court. The quantity of members of the Class and Subclasses is unknown to Plaintiff at this time, however, it is estimated that each the Class and Subclasses number is well in excess of 100 individuals. The quantity and identity of such membership is readily ascertainable via inspection of Defendants' records.

24.     **Typicality**: The claims of Plaintiff FERNANDO OBLITAS-RIOS for overtime wages, denied meal and rest period compensation, penalties, interest, and attorney's fees are typical of the claims of all members of the Class and Subclasses mentioned herein because all members of the Class and Subclasses sustained similar injuries and damages arising out of Defendants' common course of conduct in violation of law and the injuries and damages of all members of the Class and Subclasses were caused by Defendants' wrongful conduct in violation of law, as alleged herein.

25.     **Adequacy**: Plaintiff FERNANDO OBLITAS-RIOS is an adequate representative of the Class and Subclasses herein, will fairly protect the interests of the members of the Class and Subclasses, has no interests antagonistic to the members of the Class and Subclasses and will vigorously pursue this suit via attorneys who are competent, skilled and experienced in litigating matters of this type.  Class Counsel are competent and experienced in litigating large employment law class actions.

26.     **Superiority**: The nature of this action and the nature of laws available to Plaintiff make use of the class action format a particularly efficient and appropriate procedure to afford relief to Plaintiff for the wrongs alleged herein, as follows:

1      a.     This case involves large corporate Defendants and a large number of

2    individual Class Members with many relatively small claims and common issues of law and

3    fact;

4      b.     If each individual member of each of the Class and Subclasses was

5    required to file an individual lawsuit, the large corporate Defendants would necessarily gain an

6    unconscionable advantage because Defendants would be able to exploit and overwhelm the

7    limited resources of each individual member of the Class and Subclasses with Defendants'

8    vastly superior financial and legal resources;

9      c.     Requiring each individual member of each of the Class and Subclasses to

10   pursue an individual remedy would also discourage the assertion of lawful claims by the

11   members of the Class and Subclasses who would be disinclined to pursue an action against

12   Defendants because of an appreciable and justifiable fear of retaliation and permanent damage to

13   their lives, careers and well-being;

14     d.     Proof of a common business practice or factual pattern, of which the

15   members of the Class and Subclasses experienced, is representative of the Class and Subclasses

16   herein and will establish the right of each of the members of the Class and Subclasses to recover

17   on the causes of action alleged herein;

18     e.     The prosecution of separate actions by the individual members of the

19   Class and Subclasses, even if possible, would create a substantial risk of inconsistent or varying

20   verdicts or adjudications with respect to the individual members of the Class and Subclasses

21   against Defendants; and which would establish potentially incompatible standards of conduct for

22   Defendants; and/or legal determinations with respect to individual members of the Class and

23   Subclasses which would, as a practical matter, be dispositive of the interest of the other

24   members of the Class and Subclasses who are not parties to the adjudications or which would

25   substantially impair or impede the ability of the members of the Class and Subclasses to protect

26   their interests; and

27

28
___

CLASS ACTION COMPLAINT

f.     The claims of the individual members of the Class and Subclasses are not sufficiently large to warrant vigorous individual prosecution considering all of the concomitant costs and expenses attending thereto.

g.     Furthermore, as the damages suffered by each individual member of the class may be relatively small, the expenses and burden of individual litigation would make it difficult or impossible for individual members of the class to redress the wrongs done to them, while an important public interest will be served by addressing the matter as a class action.

h.     The cost to the court system of adjudication of such individualized litigation would be substantial. Individualized litigation would also present the potential for inconsistent or contradictory judgment.

i.     Finally, the alternative of filing a claim with the California Labor Commission is not superior, given the lack of discovery in such proceedings, the availability of fewer remedies, and the fact that the losing party has the right to a trial de novo in the Superior Court.

27.     **Existence and Predominance of Common Questions of Fact and Law:** There are common questions of law and fact as to the members of the Class and Subclasses which predominate over questions affecting only individual members of the Class and Subclasses including, without limitation:

a.     Whether the Class Members qualify for exempt status under the inside or outside salesperson exemption;

b.     Whether the Class Members qualify for exempt status under the administrative exemption;

c.     Whether the Class Members are primarily engaged in "sales" of Defendants' pharmaceutical products;

d.     The extent to which Defendants analyzed the duties and responsibilities of the Class Members before classifying them as exempt;

e.     The number of hours per week and per day Class Members are expected to work;

CLASS ACTION COMPLAINT

1        f.      Defendants' expectations as to the duties and responsibilities of the Class

2  Members, and whether these expectations are reasonable under the circumstances;

3        g.      Whether the various tasks performed by the Class Members qualify as

4  exempt or non-exempt tasks;

5        h.      The number of denied meal and rest periods for Class Members over the

6  relevant time period and the amount of pay owing and unpaid;

7        i.      Whether Defendants' withholding of overtime pay and was willful under

8  the meaning of Labor Code Section 203.

9        j.      Whether Defendants failed to keep adequate records for the members of

10  the Illegal Records Subclass pursuant to Labor Code 226(a) (and the consequence for such

11  statutory violations if Defendants did not);

12        k.      Whether Defendants' conduct constitutes unfair competition within the

13  meaning of Business and Professions Code sections 17200 and 17203;

14        l.      Whether members of the Class and Subclasses are entitled to

15  compensatory damages, and if so, the means of measuring such damages;

16        m.      Whether the members of the Class and Subclasses are entitled to

17  injunctive relief;

18        n.      Whether the members of the Class and Subclasses are entitled to

19  restitution;

20        o.      Whether Defendants are liable for pre-judgment interest; and

21        p.      Whether Defendants are liable for attorneys' fees and costs.

22                               **V.**

23                      **CAUSES OF ACTION**

24              **First Cause of Action Against All Defendants**
                    **Labor Code Section 1194**

25               **(On Behalf of Overtime Subclass A)**

26

     28.      Plaintiff incorporates all preceding paragraphs of this Complaint.

27

28

CLASS ACTION COMPLAINT

                        **-10-**

1        29.    Pursuant to California Labor Code section 1194, Plaintiff and the Overtime

2  Subclass A members are entitled to recover their unpaid overtime compensation for hours

3  worked beyond 8 hours per day, 40 hours per week, plus attorneys' fees and costs, in an amount

4  to be proved at trial.

**Second Cause of Action Against All Defendants**
**Unfair Competition/Restitution of Overtime Wages**
**(On Behalf of Overtime Subclass A)**

7        30.    Plaintiff incorporates all preceding paragraphs of this Complaint.

        31.    Wage Order 4-2001, 8 C.C.R. section 11040, which applies to Defendants'

business, states that an employee must be paid overtime, equal to 1.5 times the employee's

regular rate of pay, for all hours worked in excess of 40 per week or 8 per day.

        32.    Overtime Subclass A members regularly work more than 40 hours per week

and/or 8 hours per day, but are not paid overtime. Overtime Subclass A and B members are not

exempt because, inter alia, they do not qualify for the commissioned sales exemption under

Wage Order 4-2001, section 3(D).

        33.    Defendants have committed an act of unfair competition by not paying the

required overtime pay to the members of Overtime Subclass A.

        34.    Pursuant to Bus. & Prof. Code section 17203, Plaintiff requests an order

requiring Defendants to make restitution of all overtime wages due to Overtime Subclass A, in

an amount to be proved at trial.

**Third Cause of Action Against All Defendants**
**Unfair Competition/Restitution of Overtime Wages**
**(On Behalf of Overtime Subclass B)**

23        35.    Plaintiff incorporates all preceding paragraphs of this Complaint.

24        36.    The Fair Labor Standards Act, 29 U.S.C. section 201 et seq., (FLSA) states that

25  an employee must be paid overtime, equal to 1.5 times the employee's regular rate of pay, for all

26  hours worked in excess of 40 per week. This court has concurrent jurisdiction over claims

27  involving the FLSA pursuant to 29 U.S.C. section 216(b).

CLASS ACTION COMPLAINT

**-11-**

37. Overtime Subclass B members regularly work more than 40 hours per week, but are not paid overtime. Subclass B members were not "exempt" under the FLSA, because, inter alia, they did not sell prescription drugs, but merely promoted and marketed the prescription drugs sold by Defendant to physicians, hospitals, and pharmacies. Defendants have committed an act of unfair competition by not paying the required overtime pay to the members of Overtime Subclass B.

38. Pursuant to Bus. & Prof. Code section 17203, Plaintiff requests an order requiring Defendants to make restitution of all overtime wages due to Overtime Subclass B, in an amount to be proved at trial.

### Fourth Cause of Action Against All Defendants
### Labor Code Section 1194
### (On Behalf of Subclass C)

39. Plaintiff incorporates all preceding paragraphs of this Complaint.

40. Subclass C members regularly work more than 40 hours per week and/or 8 hours per day, but are not paid overtime. Overtime Subclass C members are not exempt because, inter alia, they are production workers, they do not spend a majority of their time on exempt tasks, and they do not customarily and regularly exercise discretion and independent judgment in matters of consequence to Defendants' business.

41. Pursuant to California Labor Code section 1194, Plaintiff and the Subclass C members are entitled to recover their unpaid overtime compensation, plus attorneys' fees and costs, in an amount to be proved at trial.

### Fifth Cause of Action Against All Defendants
### Unfair Competition/Restitution of Overtime Wages
### (On Behalf of Overtime Subclass C)

42. Plaintiff incorporates all preceding paragraphs of this Complaint.

43. Subclass C members regularly work more than 40 hours per week and/or 8 hours per day, but are not paid overtime. Overtime Subclass C members are not exempt because, inter alia, they are production workers, they do not spend a majority of their time on exempt tasks,

CLASS ACTION COMPLAINT

-12-

1    and they do not customarily and regularly exercise discretion and independent judgment in

2    matters of consequence to Defendants' business.

3        44.    Defendants have committed an act of unfair competition by not paying the

4    required overtime pay to the members of Overtime Subclass C.

5        45.    Pursuant to Bus. & Prof. Code section 17203, Plaintiff requests an order

6    requiring Defendants to make restitution of all overtime wages due to Overtime Subclass C, in

7    an amount to be proved at trial.

8
9    **Sixth Cause of Action Against All Defendants**
     **Failure to Provide Meal Breaks**
     **(On Behalf of Meal Period Subclass)**
10
11       46.    Plaintiff incorporates all preceding paragraphs of this Complaint.

12       47.    Defendants failed to provide the members of Class with all of their required meal

13   breaks. As a result, under Labor Code section 226.7, Plaintiff and the members of Class are

14   entitled to one additional hour's pay for each day a meal break was missed, in an amount to be

15   proved at trial.

16   **Seventh Cause of Action Against All Defendants**
     **Failure to Provide Rest Breaks**
     **(On Behalf of Rest Period Subclass)**
17
18       48.    Plaintiff incorporates all preceding paragraphs of this Complaint.

19       49.    Defendants failed to provide the members of Class with all of their required rest

20   breaks. As a result, under Labor Code section 226.7, Plaintiff and the members of Class are

21   entitled to one additional hour's pay for each day a rest break was missed, in an amount to be

22   proved at trial.

23   **Eighth Cause of Action Against All Defendants**
     **Illegal Record Keeping**
     **(On Behalf of the Illegal Records Subclass)**
24
25       50.    Plaintiff incorporates all preceding paragraphs of this Complaint.

26       51.    Labor Code section 226 requires an employer to furnish its employees with an

27   accurate itemized statement in writing showing, among other things, (1) gross wages earned, (2)

28   total hours worked by each respective individual, (3) all deductions, (4) net wages earned and/or

CLASS ACTION COMPLAINT

**-13-**

Case 3:07-cv-02389-BTM-POR Document 21-2 Filed 12/29/2006 Page 24 of 48

1 (5) all applicable hourly rates in effect during each respective pay period and the corresponding

2 number of hours worked at each hourly rate by each respective individual.

3     52.    Therefore, pursuant to Labor Code section 226, California employers are required

4 to maintain accurate records pertaining to the total hours worked for Defendants by the members

5 of the Illegal Records Subclass, including, but not limited to, the total hours worked per pay

6 period and applicable rates of pay.

7     53.    The members of the Illegal Records Subclass include all of Defendants'

8 employees for whom Defendants did not list all hours worked.

9     54.    As a pattern and practice, in violation of Labor Code section 226(a), Defendants

10 did not furnish each of the members of the Illegal Records Subclass with an accurate itemized

11 statement in writing showing (1) gross wages earned, (2) total hours worked by each respective

12 individual, (3) all deductions, (4) net wages earned and/or (5) all applicable hourly rates in effect

13 during each respective pay period and the corresponding number of hours worked at each hourly

14 rate·by each respective individual.

15     55.    As a pattern and practice, in violation of Labor Code section 226(a), Defendants

16 did not maintain accurate records pertaining to the total hours worked for Defendants by the

17 members of the Illegal Records Subclass, including, but not limited to, beginning and ending of

18 each work period, the total daily hours worked, and the total hours worked per pay period and

19 applicable rates of pay.

20     56.    Pursuant to Labor Code section 226(e), the members of the Illegal Records

21 Subclass are entitled to penalties as follows:

22     a.    Fifty dollars ($50.00) per employee for the initial pay period in which a

23 violation occurs; and

24     b.    One hundred dollars ($100.00) per employee for each violation in a

25 subsequent pay period, not to exceed $4,000 per claimant.

26     57.    Pursuant to Labor Code section 226(g), the members of the Illegal Records

27 Subclass are entitled to injunctive relief to ensure Defendants' compliance with Labor Code

28 section 226.

CLASS ACTION COMPLAINT

-14-

Case 3:07-cv-02659-JW Document 11-2 Filed 05/29/2006 Page 25 of 48

1   58.   The members of the Illegal Records Subclass are entitled to an award of costs
2   and reasonable attorneys' fees.

3   59.   Labor Code section 226(a) requires Defendants to itemize in wage statements all
4   deductions from wages of Plaintiff and the members of the proposed Class.

5   60.   Defendants have knowingly and intentionally failed to comply with Labor Code
6   section 226(a) on each and every wage statement provided to Plaintiff and members of the
7   proposed subclass.

8                    **Ninth Cause of Action Against All Defendants**
                           **Unfair Business Practices**
9                    **(On Behalf of Plaintiff and the General Public)**

10  61.   Plaintiff incorporates all preceding paragraphs of this Complaint.

11  62.   Defendants' failure to pay overtime and denied meal and rest period pay to
12  Plaintiff and members of the Class and Subclasses, under the IWC Wage Orders and under
13  California Labor Code, and failure to keep proper records, as alleged herein, constitute unlawful
14  activity prohibited by Business and Professions Code sections 17200, et seq.

15  63.   The actions of Defendants in failing to pay Plaintiff and members of the Plaintiff
16  Class and Subclasses in a lawful manner, as will be further alleged herein, constitute false,
17  unfair, fraudulent and deceptive business practices, within the meaning of Business and
18  Professions Code sections 17200, et seq.

19  64.   Plaintiff is entitled to an injunction and other equitable relief against such
20  unlawful practices in order to prevent future damage, for which there is no adequate remedy at
21  law, and to avoid a multiplicity of lawsuits. Plaintiff brings this cause individually and as a
22  member of the general public as a representative of all others subject to Defendants' unlawful
23  acts and practices.

24  65.   As a result of their unlawful acts, Defendants have reaped and continue to reap
25  unfair benefits at the expense of Plaintiff, and the Class and Subclasses he seeks to represent.

26  66.   Defendants should be enjoined from this activity and made to disgorge these ill-
27  gotten gains and restore to Plaintiff and the members of the Class and Subclasses the wrongfully
28  withheld wages and meal and rest period pay, pursuant to Business and Professions Code

CLASS ACTION COMPLAINT
**-15-**

Case 3:06-cv-00045-BTM-POR Document 1-2 Filed 05/09/2006 Page 26 of 48

1  section 17200, et seq.  Plaintiff is informed and believe, and thereon alleges, that Defendants are

2  unjustly enriched through their failure to pay overtime and minimum wages to Plaintiff and

3  members of the Class and Subclasses.

4      67.    Plaintiff is informed and believes, and thereon alleges, that Plaintiff and members

5  of the Class are prejudiced by Defendants' unfair trade practices.

6      68.    As a direct and proximate result of the unfair business practices of Defendants,

7  Plaintiff, individually and on behalf of all employees similarly situated, is entitled to equitable

8  and injunctive relief, including full restitution, disgorgement, and/or specific performance of

9  payment of all wages and pay that have been unlawfully withheld from Plaintiff and members of

10  the Class and Subclasses as a result of the business acts and practices described herein and

11  enjoining Defendants to cease and desist from engaging in the practices described herein.

12      69.    The illegal conduct alleged herein is continuing, and there is no indication that

13  Defendants will not continue such activity into the future. Plaintiff alleges that if Defendants are

14  not enjoined from the conduct set forth in this Complaint, they will continue to avoid paying

15  overtime, minimum wages, and appropriate taxes, insurance, and unemployment withholdings.

16      70.    Plaintiff further requests that the court issue a preliminary and permanent

17  injunction prohibiting Defendants to continue engaging in the practices described hereinabove.

18
19                    **Tenth Cause of Action Against All Defendants**
                                         **Conversion**
20                    **(On Behalf of Plaintiff and the General Public)**

21      71.    Plaintiff incorporates all preceding paragraphs of this Complaint.

22      72.    At all relevant times herein, Defendants had a legal obligation imposed by

23  statutory law to compensate Plaintiff and the Class and Subclasses for all of the hours worked,

24  overtime, and minimum wages. Plaintiff has hereinbefore alleged that he and the Class were not

25  compensated for all hours worked, overtime, minimum wages, and that such payments are due.

26      73.    Defendants knowingly and intentionally failed and refused to pay for all hours

27  worked, overtime, and  minimum wages. Defendants withheld these sums and converted them

28  by refusing to pay Plaintiff and the Class as alleged herein.  Plaintiff and the Class owned or had

CLASS ACTION COMPLAINT

-16-

1   the right to own and had the legal right to hold, possess and dispose of, the withheld wages, and

2   Plaintiff and the Class and Subclasses rely on this statutory right. Plaintiff and the Class and

3   Subclasses gained the right to hold, possess, and dispose of the compensation as Plaintiff and

4   the members of the Class earned these wages during the relevant time period.

5        74.    Defendants knowingly, willfully and unlawfully interfered with Plaintiff's and

6   the Class Members' rights to be compensated, and to own, possess and/or control disposition of

7   said sums. Plaintiff is informed and believes and thereon alleges that he and each of the

8   members of the Class were not paid overtime and minimum wages. Plaintiff and the members of

9   the Class and Subclasses are entitled to overtime and minimum wages.

10       75.    The exact amount of the unpaid wages and pay owed to Plaintiff and the

11   members of the Class and Subclasses, and each of them, is capable of being made certain. The

12   specific identifiable sum of money Plaintiff and the members of the Class are entitled to varies

13   per class member and will be established at trial in an amount according to proof.

14       76.    In failing to pay overtime and minimum wages, Defendants knowingly,

15   unlawfully and intentionally took, appropriated and converted the property (wages) of Plaintiff

16   and the Class for Defendants' own use, purposes and benefits. At the time the conversion took

17   place, Plaintiff and the Class and Subclasses were entitled to immediate possession of the

18   amounts of wages as they were entitled to such compensation under Labor Code sections 1194,

19   Business and Professions Code sections 17200, et seq., I.W.C. Wage Order 4, and 29 U.S.C.

20   §§201, et seq. Said conversion was oppressive, malicious and fraudulent, and Defendants'

21   obligation to compensate was concealed by Defendants from the named Plaintiff and from the

22   class membership, as hereinafter alleged. Further, Defendants knew that Plaintiff and the

23   members of the class were, in fact, entitled to full payment of earned wages and pay, and

24   knowingly refused payment to Plaintiff and the Class and Subclasses, and instead utilized the

25   money they would otherwise have had to pay to Plaintiff and the Class Members for

26   Defendants' own purposes and benefits.

27       77.    Defendants have regularly and consistently maintained corporate policies and

28   procedures that dictated and mandated that Class Members were not to be paid for overtime and

CLASS ACTION COMPLAINT

**-17-**

1    minimum wages. Plaintiff is informed and believes and thereon alleges that Defendants

2    implemented and carried out the policies and procedures as alleged herein for the primary

3    purpose of depriving Plaintiff and the Class of their right to these wages under Labor Code

4    section 1194 such that Defendants converted said sums for their own uses, as heretofore alleged.

5        78.     Plaintiff is informed and believes and thereon alleges that Class Members carry

6    out their tasks, duties and responsibilities for Defendants in substantially similar fashion as

7    heretofore alleged. Accordingly, Defendants have taken sums owed to Plaintiff and the Class

8    and Subclasses and converted the same to their own use and benefit.

9        79.     Plaintiff and members of the Class have been injured by said conversion through

10    reliance on the Defendants' obligation to comply with applicable California and federal law,

11    requiring that Defendants pay overtime and minimum wages to Plaintiff and the Class and

12    Subclasses. Plaintiff and the Class and Subclasses are entitled to all money converted by the

13    Defendants with interest thereon, as well as any and all profits, whether direct or indirect, which

14    the Defendants acquired by their unlawful conversion. Furthermore, Defendants' actions

15    constituting conversion were oppressive, malicious and fraudulent and were concealed by

16    Defendants from the named Plaintiff and the Class Members as hereinbefore alleged. Plaintiff

17    and the Class and Subclasses have been injured by Defendants' oppressive, malicious,

18    intentional and fraudulent actions, entitling Plaintiff and the Class to punitive and exemplary

19    damages.

20        80.     WHEREFORE, Plaintiff and the Class and Subclasses he seeks to represent

21    requests relief as described below.

22

23                 **Eleventh Cause of Action Against All Defendants**
                      **(Declaratory Relief - By Plaintiff Only)**

24        81.     Plaintiff incorporates all preceding paragraphs of this Complaint.

25        82.     An actual controversy has arisen and continues to exist between Plaintiff and

26    Defendants in that Plaintiff contends that he was not employed in an outside sales capacity,

27    whereas Defendants claim he was.

28

CLASS ACTION COMPLAINT

83.     A judicial declaration is necessary and proper at this time to resolve this actual controversy between Plaintiff and Defendants and to establish the respective rights and duties of the parties.

## PRAYER FOR RELIEF

PRAYER FOR RELIEF WHEREFORE, Plaintiff prays:

1.     That the Court issue an Order certifying the Class and Subclasses herein, appointing the named Plaintiff as representative of all others similarly situated, and appointing the law firms representing the named Plaintiff as counsel for the members of the Class and Subclasses;

As to the First Cause of Action for Overtime Pay:

2.     For payment of overtime pay;

3.     For interest as authorized by Labor Code sections 218.6 and 1194(a) and Civil Code sections 3287(b) and 3289;

4.     For an award of reasonable attorneys' fees and costs;

As to the Second Cause of Action for Restitution of Overtime:

5.     For restitution of overtime pay;

6.     For interest as authorized by Labor Code sections 218.6 and 1194(a) and Civil Code sections 3287(b) and 3289;

7.     For an award of reasonable attorneys' fees and costs;

As to the Third Cause of Action for Restitution of Overtime:

8.     For restitution of overtime pay;

9.     For interest as authorized by Labor Code sections 218.6 and 1194(a) and Civil Code sections 3287(b) and 3289;

10.     For an award of reasonable attorneys' fees and costs;

As to the Fourth Cause of Action for Overtime Wages:

11.     For payment of overtime wages;

12.     For interest as authorized by Labor Code sections 218.6 and 1194(a) and Civil Code sections 3287(b) and 3289;

CLASS ACTION COMPLAINT

-19-

1     13.    For an award of reasonable attorneys' fees and costs.

2     As to the Fifth Cause of Action for Restitution of Overtime:

3     14.    For restitution of overtime pay;

4     15.    For interest as authorized by Labor Code sections 218.6 and 1194(a) and Civil

5     Code sections 3287(b) and 3289;

6     16.    For an award of reasonable attorneys' fees and costs.

7     As to the Sixth Cause of Action for Meal Period Violations:

8     17.    For payment of meal period pay;

9     18.    For interest as authorized by Labor Code sections 218.6 and 1194(a) and Civil

10    Code sections 3287(b) and 3289;

11    19.    For an award of reasonable attorneys' fees and costs;

12    As to the Seventh Cause of Action for Rest Period Violations:

13    20.    For payment of rest period pay;

14    21.    For interest as authorized by Labor Code sections 218.6 and 1194(a) and Civil

15    Code sections 3287(b) and 3289;

16    22.    For an award of reasonable attorneys' fees and costs;

17    As to the Eighth Cause of Action for Illegal Record Keeping:

18    23.    For penalties as authorized by Labor Code section 226(e);

19    24.    For injunctive relief to ensure Defendants' compliance with Labor Code section

20    226 pursuant to Labor Code section 226(g);

21    25.    For an award of costs and reasonable attorneys' fees.

22    As to the Ninth Cause of Action for Unfair Business Practices:

23    26.    For an accounting, under administration of Plaintiff and/or the receiver and

24    subject to Court review, to determine the amount to be returned by Defendants, and the amounts

25    to be refunded to members of the Class and Subclasses who are owed monies by Defendants;

26    27.    For an Order requiring Defendants to identify each of the members of the Class

27    and Subclasses by name, home address, and home telephone number;

28

CLASS ACTION COMPLAINT

1     28.    For an Order requiring Defendants to make full restitution and payment pursuant

2  to Labor Code sections 200, et seq. and 1194;

3     29.    For the creation of an administrative process wherein each injured member of the

4  Class and Subclasses may submit a claim in order to receive his/her money;

5     30.    For all other appropriate declaratory and equitable relief;

6     31.    For interest to the extent permitted by law;

7     32.    For an award of attorneys' fees and costs incurred in the investigation, filing and

8  prosecution of this action pursuant to Code of Civil Procedure section 1021.5, Business and

9  Professions Code sections 17200, et seq., Labor Code section 1194 and any other applicable

10  provision of law.

11     As to the Tenth Cause of Action for Conversion:

12     32.    For the return of all sums wrongfully converted;

13     As to the Twelfth Cause of Action for Declaratory Relief:

14     33.    For a Declaration of the respective rights and responsibilities of the parties;

15     As to All Causes of Action:

16     34.    For penalties as authorized by Labor Code section 203;

17     35.    For such other and further relief as this Court may deem just and proper; and

18     36.    For reasonable attorneys' fees and costs incurred.

19     WHEREFORE, Plaintiff prays for judgment as follows:

20     1.    For compensatory damages;

21     2.    For restitution of all money due to Plaintiff and the Class from the unlawful

22  business practices of Defendants;

23     3.    For waiting time wages under Labor Code section 203.

24     4.    For punitive damages under Civil Code section 3294; and

25     5.    For such other and further relief that the Court may deem just and proper.

26  ///

27  ///

28  ///

CLASS ACTION COMPLAINT

-21-

1  DATED: November 1, 2006                COHELAN & KHOURY

2

3                                         By:
4                                            MICHAEL D. SINGER
                                             Counsel for Plaintiff
5
                         DEMAND FOR JURY TRIAL  .
6
       Plaintiff hereby demands a jury trial.
7

8   DATED: November 1, 2006                COHELAN & KHOURY
9
10
11                                        By:
                                             MICHAEL D. SINGER
12                                           Counsel for Plaintiff

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

CLASS ACTION COMPLAINT

CM-010

| ATTORNEY OR PARTY WITHOUT ATTORNEY (Name, State Bar number, and address): | FOR COURT USE ONLY |
|---|---|
| TIMOTHY D. COHELAN, ESQ.    SBN 60827<br>MICHAEL D. SINGER, ESQ.    SBN 115301<br>COHELAN & KHOURY<br>605 C ST. SUITE 200<br>SAN DIEGO, CA 92101<br>TELEPHONE NO.: 619-595-3001    FAX NO.: 619-595-3000<br>ATTORNEY FOR (Name): PLAINTIFF | CIVIL BUSINESS OFFICE 9<br>CENTRAL<br><br>2006 NOV -1 P 3:47<br><br>CLERK SUPERIOR COURT<br>SAN DIEGO CA |

**SUPERIOR COURT OF CALIFORNIA, COUNTY OF SAN DIEGO**
☑ HALL OF JUSTICE, 330 W. BROADWAY, SAN DIEGO, CA 92101-3827
☐ NORTH COUNTY DIVISION, 325 S. MELROSE DR., VISTA, CA 92081-6643
☐ EAST COUNTY DIVISION, 250 E. MAIN ST., EL CAJON, CA 92020-3941
☐ RAMONA BRANCH, 1428 MONTECITO RD., RAMONA, CA 92065-5200
☐ SOUTH COUNTY DIVISION, 500 3RD AVE., CHULA VISTA, CA 91910-5649

CASE NAME:
OBLITAS-RIOS V. PFIZER, INC.

| CIVIL CASE COVER SHEET | | Complex Case Designation | | CASE NUMBER: |
|---|---|---|---|---|
| ☒ Unlimited<br>(Amount demanded exceeds $25,000) | ☐ Limited<br>(Amount demanded is $25,000 or less) | ☐ Counter ☐ Joinder<br>Filed with first appearance by defendant<br>(Cal. Rules of Court, rule 1811) | | GIC 874925<br>JUDGE:<br>DEPT: |

*Items 1–5 below must be completed (see instructions on page 2).*

1. Check one box below for the case type that best describes this case:

**Auto Tort**
☐ Auto (22)
☐ Uninsured motorist (46)

**Other PI/PD/WD (Personal Injury/Property Damage/Wrongful Death) Tort**
☐ Asbestos (04)
☐ Product liability (24)
☐ Medical malpractice (45)
☐ Other PI/PD/WD (23)

**Non-PI/PD/WD (Other) Tort**
☐ Business tort/unfair business practice (07)
☐ Civil rights (08)
☐ Defamation (13)
☐ Fraud (16)
☐ Intellectual property (19)
☐ Professional negligence (25)
☐ Other non-PI/PD/WD tort (35)

**Employment**
☐ Wrongful termination (36)
☒ Other employment (15)

**Contract**
☐ Breach of contract/warranty (06)
☐ Collections (09)
☐ Insurance coverage (18)
☐ Other contract (37)

**Real Property**
☐ Eminent domain/Inverse condemnation (14)
☐ Wrongful eviction (33)
☐ Other real property (26)

**Unlawful Detainer**
☐ Commercial (31)
☐ Residential (32)
☐ Drugs (38)

**Judicial Review**
☐ Asset forfeiture (05)
☐ Petition re: arbitration award (11)
☐ Writ of mandate (02)
☐ Other judicial review (39)

**Provisionally Complex Civil Litigation (Cal. Rules of Court, rules 1800–1812)**
☐ Antitrust/Trade regulation (03)
☐ Construction defect (10)
☐ Mass tort (40)
☐ Securities litigation (28)
☐ Environmental/Toxic tort (30)
☐ Insurance coverage claims arising from the above listed provisionally complex case types (41)

**Enforcement of Judgment**
☐ Enforcement of judgment (20)

**Miscellaneous Civil Complaint**
☐ RICO (27)
☐ Other complaint (not specified above) (42)

**Miscellaneous Civil Petition**
☐ Partnership and corporate governance (21)
☐ Other petition (not specified above) (43)

2. This case ☒ is ☐ is not    complex under rule 1800 of the California Rules of Court. If the case is complex, mark the factors requiring exceptional judicial management:
   a. ☐ Large number of separately represented parties
   b. ☒ Extensive motion practice raising difficult or novel issues that will be time-consuming to resolve
   c. ☒ Substantial amount of documentary evidence
   d. ☐ Large number of witnesses
   e. ☐ Coordination with related actions pending in one or more courts in other counties, states, or countries, or in a federal court
   f. ☐ Substantial postjudgment judicial supervision

3. Type of remedies sought *(check all that apply):*
   a. ☒ monetary    b. ☒ nonmonetary; declaratory or injunctive relief    c. ☐ punitive

4. Number of causes of action *(specify):*

5. This case ☒ is ☐ is not    a class action suit.

6. If there are any known related cases, file and serve a notice of related case. *(You may use form CM-015.)*

Date: 11/1/06

JASON CARDS (FOR ATTORNEY)
(TYPE OR PRINT NAME)    ▶    (SIGNATURE OF PARTY OR ATTORNEY FOR PARTY)

**NOTICE**
- Plaintiff must file this cover sheet with the first paper filed in the action or proceeding (except small claims cases or cases filed under the Probate Code, Family Code, or Welfare and Institutions Code). (Cal. Rules of Court, rule 201.8.) Failure to file may result in sanctions.
- File this cover sheet in addition to any cover sheet required by local court rule.
- If this case is complex under rule 1800 et seq. of the California Rules of Court, you must serve a copy of this cover sheet on all other parties to the action or proceeding.
- Unless this is a complex case, this cover sheet will be used for statistical purposes only.

Page 1 of 2

| Form Adopted for Mandatory Use<br>Judicial Council of California<br>CM-010 [Rev. January 1, 2006] | **CIVIL CASE COVER SHEET** | Cal. Rules of Court, rules 201.8, 1800–1812;<br>Standards of Judicial Administration, § 19<br>www.courtinfo.ca.gov |
|---|---|---|

EXHIBIT E

# SUPERIOR COURT OF CALIFORNIA, COUNTY OF SAN DIEGO

INDEPENDENT CALENDAR CLERK
330 W. Broadway
San Diego, CA 92101

**TO:**
MICHAEL D. SINGER (P)

**FILE COPY**

---

FERNANDO OBLITAS-RIOS

Plaintiff(s)

vs.

PFIZER INC

Defendant(s)

Case No.: **GIC874925**

## NOTICE OF CASE ASSIGNMENT

Judge: **JAY M. BLOOM**
Department: **70**
Phone: **619-685-6128**

---

**COMPLAINT FILED** 11/01/06

IT IS THE DUTY OF EACH PLAINTIFF (AND CROSS-COMPLAINANT) TO SERVE A COPY OF THIS NOTICE WITH THE COMPLAINT (AND CROSS-COMPLAINT).

ALL COUNSEL WILL BE EXPECTED TO BE FAMILIAR WITH SUPERIOR COURT RULES WHICH HAVE BEEN PUBLISHED AS DIVISION II, AND WILL BE STRICTLY ENFORCED.

**TIME STANDARDS:** The following timeframes apply to general civil cases and must be adhered to unless you have requested and been granted an extension of time. General civil consists of all cases except: Small claims appeals, petitions, and unlawful detainers.

**COMPLAINTS:** Complaints must be served on all named defendants, and a CERTIFICATE OF SERVICE (SDSC CIV-345) filed within 60 days of filing. This is a mandatory document and may not be substituted by the filing of any other document. (Rule 2.5)

**DEFENDANT'S APPEARANCE:** Defendant must generally appear within 30 days of service of the complaint. (Plaintiff may stipulate to no more than a 15 day extension which must be in writing and filed with the Court.) (Rule 2.6)

**DEFAULT:** If the defendant has not generally appeared and no extension has been granted, the plaintiff must request default within 45 days of the filing of the Certificate of Service. (Rule 2.7)

THE COURT ENCOURAGES YOU TO CONSIDER UTILIZING VARIOUS ALTERNATIVES TO LITIGATION, INCLUDING MEDIATION AND ARBITRATION, PRIOR TO THE CASE MANAGEMENT CONFERENCE. MEDIATION SERVICES ARE AVAILABLE UNDER THE DISPUTE RESOLUTION PROGRAMS ACT AND OTHER PROVIDERS. SEE ADR INFORMATION PACKET AND STIPULATION.

YOU MAY ALSO BE ORDERED TO PARTICIPATE IN ARBITRATION PURSUANT TO CCP 1141.10 AT THE CASE MANAGEMENT CONFERENCE. THE FEE FOR THESE SERVICES WILL BE PAID BY THE COURT IF ALL PARTIES HAVE APPEARED IN THE CASE AND THE COURT ORDERS THE CASE TO TO ARBITRATION PURSUANT TO CCP 1141.10. THE CASE MANAGEMENT CONFERENCE WILL BE CANCELLED IF YOU FILE FORM SDSC CIV-359 PRIOR TO THAT HEARING.

ALSO SEE THE ATTACHED NOTICE TO LITIGANTS.

### CERTIFICATE OF SERVICE

I certify that I am not a party to the above-entitled case; on the date shown below, I served this notice on the parties shown by personally handing it to the attorney or their personal representative at      SAN DIEGO California.

DATED: 11/01/06

BY: CLERK OF THE SUPERIOR COURT

---

SDSC CIV-721(Rev 7-03)                    ASG-NOTICE OF CASE ASSIGNMENT

EXHIBIT F

COPY

FILED
FILE STAMP
CANCELLED

1  JEREMY A. ROTH, Bar No. 129007
   TINA M. FRYAR, Bar No. 190755
2  MICHELLE S. PARK, Bar No. 199224
   LITTLER MENDELSON
3  A Professional Corporation
   501 W. Broadway, Suite 900
4  San Diego, CA 92101.3577
   Telephone:  619.232.0441
5
   Attorneys for Defendant
6  PFIZER, INC.

7

8              SUPERIOR COURT OF THE STATE OF CALIFORNIA

9                       COUNTY OF SAN DIEGO

10 FERNANDO OBLITAS-RIOS, on behalf       Case No. GIC 874925
   of himself and all others similarly situated,
11                                        **DEFENDANT'S ANSWER TO**
               Plaintiff,                 **PLAINTIFF'S COMPLAINT**
12
        v.
13                                        Complaint filed:  November 1, 2006
   PFIZER, INC., a California Corporation;
14 and DOES 1 - 100, inclusive,
15             Defendant.

16

17         Defendant PFIZER, INC. (hereinafter "Defendant") submits the following response

18 to the unverified Complaint ("Complaint") filed by Plaintiff FERNANDO OBLITAS-RIOS

19 ("Plaintiff").

20                            **GENERAL DENIAL**

21         Pursuant to the provisions of Code of Civil Procedure section 431.30(d), Defendant

22 denies generally and specifically each and every allegation contained in Plaintiff's Complaint.  In

23 addition, Defendant denies that Plaintiff has sustained, or will sustain, any loss or damage in the

24 manner or amount alleged, or otherwise, by reason of any act or omission, or any other conduct or

25 absence thereof on the part of Defendant.

26                         **AFFIRMATIVE DEFENSES**

27                       FIRST AFFIRMATIVE DEFENSE

28         As a separate and distinct affirmative defense, Defendant alleges that the Complaint,

LITTLER MENDELSON
A Professional Corporation   Firmwide:81729763.1 051034.1019
501 W. Broadway
Suite 900
San Diego, CA 92101 3577
619 232 0441

                   ANSWER TO CLASS ACTION COMPLAINT

1   and each and every alleged claim therein, fails to state facts sufficient to constitute a claim upon
2   which relief can be granted.

### SECOND AFFIRMATIVE DEFENSE

As a separate and distinct affirmative defense, Defendant alleges that Plaintiff has
failed, refused and/or neglected to mitigate or avoid the damages complained of in the Complaint, if
any.

### THIRD AFFIRMATIVE DEFENSE

As a separate and distinct affirmative defense, Defendant alleges that Plaintiff's
claims for equitable relief are barred by the doctrines of waiver, unclean hands, estoppel and/or
laches.

### FOURTH AFFIRMATIVE DEFENSE

As a separate and distinct affirmative defense, Defendant alleges that Plaintiff is not
entitled to equitable relief insofar as he has an adequate remedy at law.

### FIFTH AFFIRMATIVE DEFENSE

As a separate and distinct affirmative defense, Defendant alleges that the Complaint
and each and every claim alleged therein is barred by all applicable statutes of limitations, including
but not limited to, Code of Civil Procedure sections 338, 339, 340, California Business and
Professions Code section 17208, and 29 U.S.C. section 255, and other applicable statutes of
limitations.

### SIXTH AFFIRMATIVE DEFENSE

As a separate and distinct affirmative defense, Defendant alleges that Plaintiff has not
and cannot satisfy the requirements for proceeding in a collective action under the provisions of
section 382 of the California Code of Civil Procedure on behalf of others "similarly situated."

### SEVENTH AFFIRMATIVE DEFENSE

As a separate and distinct affirmative defense, Defendant alleges that Plaintiff and all
alleged potential class members have been paid and/or received all wages due to them by virtue of
their employment with Defendant.

/ / /

LITTLER MENDELSON
A Professional Corporation
501 W. Broadway
Suite 900
San Diego, CA 92101-3577
619 232 0441

Firmwide:81729763.1 051034.1019

2.

ANSWER TO CLASS ACTION COMPLAINT

EIGHTH AFFIRMATIVE DEFENSE

As a separate and distinct affirmative defense, Defendant alleges that Plaintiff lacks standing to file and/or prosecute this action against Defendant and/or to receive any attorneys' fees.

NINTH AFFIRMATIVE DEFENSE

As a separate and distinct affirmative defense, Defendant alleges that the Complaint fails to properly state a claim for attorney's fees under California Labor Code sections 218.5 and 1194(a), California Business and Professions Code section 17200, *et seq.*, or any other basis.

TENTH AFFIRMATIVE DEFENSE

As a separate and distinct affirmative defense, Defendant is informed and believes and based thereon alleges that Plaintiff was treated fairly and in good faith, and that Defendant acted in good faith at all times alleged in the Complaint, and at no time did Defendant engage in unfair or deceptive business practices.

ELEVENTH AFFIRMATIVE DEFENSE

As a separate and distinct affirmative defense, Defendant alleges Plaintiff's alleged injuries were not proximately caused by any unlawful policy, custom, practice and/or procedure promulgated and/or tolerated by Defendant.

TWELFTH AFFIRMATIVE DEFENSE

As a separate and distinct affirmative defense, Defendant alleges that, assuming *arguendo*, Plaintiff is entitled to recover additional compensation on behalf of himself and/or others, Defendant has not willfully or intentionally failed to pay such additional compensation, and as such, liquidated damages should not be awarded and only a two-year statute of limitations should apply under the Fair Labor Standards Act.

THIRTEENTH AFFIRMATIVE DEFENSE

As a separate and distinct affirmative defense, Defendant alleges that Defendant has not willfully failed to pay Plaintiff any wages, and there is a bona fide, good faith dispute with respect to Defendant's obligation to pay any wages that may be found to be due.

///

///

LITTLER MENDELSON
A Professional Corporation
501 W. Broadway
Suite 900
San Diego, CA 92101-3577
619 232 0441

Firmwide:81729763.1 051034.1019

3.

ANSWER TO CLASS ACTION COMPLAINT

### FOURTEENTH AFFIRMATIVE DEFENSE

As a separate and distinct affirmative defense, Defendant alleges that Plaintiff's causes of action for, or based upon, a violation of Labor Code section 226.7 fails and/or recovery is limited as a matter of law because the one-hour-of-pay remedy for meal and rest period violations is a penalty, not wages, and therefore, the claim has a one year statute of limitations under California Code of Civil Procedure Section 340(a).

### FIFTEENTH AFFIRMATIVE DEFENSE

As a separate and distinct affirmative defense, Defendant alleges that Plaintiff does not, and cannot, fairly and adequately represent the interests of the purported class.

### SIXTEENTH AFFIRMATIVE DEFENSE

As a separate and distinct affirmative defense, Defendant alleges that Plaintiff's claim for penalties is barred because Defendant acted in good faith and reasonably believed that its conduct was lawful.

### SEVENTEENTH AFFIRMATIVE DEFENSE

As a separate and distinct affirmative defense, Defendant alleges that certification of a class, as applied to the facts and circumstances of this case, would constitute a denial of Defendant's procedural rights and right to trial by jury and to substantive and procedural due process, in violation of the Fourteenth Amendment of the United States Constitution and the Due Process and Equal Protection Clauses of the California Constitution.

### EIGHTEENTH AFFIRMATIVE DEFENSE

As a separate and distinct affirmative defense, Defendant alleges that this suit may not be properly maintained as a class action because: (1) Plaintiff has failed to plead, and cannot establish, the necessary procedural elements for class treatment; (2) a class action is not an appropriate method for the fair and efficient adjudication of the claims described in the Complaint; (3) common issues of fact or law do not predominate and, to the contrary, individual issues predominate; (4) Plaintiff's claims are not representative or typical of the claims of the putative class; (5) Plaintiff is not a proper class representative; (6) Plaintiff and his counsel of record are not adequate representatives for the alleged putative class; (7) Plaintiff cannot satisfy any of the

Firmwide:81729763.1 051034.1019

4.

ANSWER TO CLASS ACTION COMPLAINT

1  requirements for class action treatment, and class action treatment is neither appropriate nor

2  constitutional; (8) there is not a well-defined community of interest in the questions of law or fact

3  affecting Plaintiff and the members of the alleged putative class; (9) the alleged putative class is not

4  ascertainable, nor are its members identifiable; and (10) to the extent that the alleged putative class is

5  ascertainable and its members are identifiable, the number of putative class members is too small to

6  meet the numerosity requirement for a class action.

7  ### NINETEENTH AFFIRMATIVE DEFENSE

8  As a separate and distinct affirmative defense, Defendant alleges that the adjudication

9  of the claims of the putative class through generalized classwide proof violates Defendant's rights to

10  a trial by jury guaranteed by the United States and California Constitutions.

11  ### TWENTIETH AFFIRMATIVE DEFENSE

12  As a separate and distinct affirmative defense, Defendant alleges that Plaintiff cannot

13  recover lost wages, penalties or other monetary remedies under Business and Professions Code

14  section 17200 *et seq.*

15  ### TWENTY-FIRST AFFIRMATIVE DEFENSE

16  As a separate and distinct affirmative defense, Defendant alleges that Plaintiff is not

17  entitled to an award of prejudgment interest if he prevails on any or all of his claims.

18  ### TWENTY-SECOND AFFIRMATIVE DEFENSE

19  As a separate and distinct affirmative defense, Defendant alleges that the Complaint

20  fails to properly state facts sufficient to entitle Plaintiff or putative class members to any relief,

21  including, but not limited to, its failure to properly state facts sufficient to identify any actual or

22  threatened harm to Plaintiff beyond pure speculation, its failure to allege facts showing that Plaintiff

23  has no adequate remedy at law, and its proposal of relief that would impose an undue burden on both

24  Defendant and the Court and be so uncertain as to be wholly unenforceable.

25  ### TWENTY-THIRD AFFIRMATIVE DEFENSE

26  As a separate and distinct affirmative defense, Defendant alleges that Plaintiff has

27  failed to allege sufficient facts to state a claim upon which punitive damages may be awarded.

28  ///

LITTLER MENDELSON
A Professional Corporation
501 W Broadway
Suite 900
San Diego, CA 92101 3577
619 232 0441

Firmwide:81729763.1 051034.1019

5.

ANSWER TO CLASS ACTION COMPLAINT

## TWENTY-FOURTH AFFIRMATIVE DEFENSE

As a separate and distinct affirmative defense, Defendant opposes class certification and dispute the propriety of class treatment. If the Court certifies a class in this case over Defendant's objections, then Defendant asserts the affirmative defenses set forth herein against each and every member of the certified class.

## **ADDITIONAL DEFENSES**

Defendant does not presently know all facts with respect to the conduct alleged by Plaintiff sufficient to state all affirmative defenses at this time. Defendant reserves the right to amend this Answer should it later discover facts demonstrating the existence of additional affirmative defenses.

WHEREFORE, Defendant prays that:

1. The Complaint be dismissed in its entirety with prejudice and Plaintiff take nothing by his Complaint;

2. Judgment be entered against Plaintiff and in favor of Defendant;

3. Defendant be awarded its costs of suit and reasonable attorneys' fees incurred herein; and

4. The Court award Defendant such other and further relief as it deems appropriate.

Dated: December _7_, 2006

JEREMY A. ROTH
TINA M. FRYAR
MICHELLE S. PARK
LITTLER MENDELSON
A Professional Corporation
Attorneys for Defendant
PFIZER, INC.

LITTLER MENDELSON
A Professional Corporation
501 W. Broadway
Suite 900
San Diego, CA 92101-3577
619.232.0441

Firmwide:81729763.1 051034.1019                          6.

ANSWER TO CLASS ACTION COMPLAINT

FILE STAMP
CANCELLED

**PROOF OF SERVICE**

2006 DEC -7 P 1: 41

I am a resident of the State of California, over the age of eighteen years, and not a party to the within action. My business address is 501 W. Broadway, Suite 900, San Diego, California 92101.3577. On December 7, 2006, I served the within document(s):

**DEFENDANT'S ANSWER TO PLAINTIFF'S COMPLAINT**

☐ by facsimile transmission at or about _____ on that date. This document was transmitted by using a facsimile machine that complies with California Rules of Court Rule 2003(3), telephone number 619.232.4302. The transmission was reported as complete and without error. A copy of the transmission report, properly issued by the transmitting machine, is attached. The names and facsimile numbers of the person(s) served are as set forth below.

☒ by placing a true copy of the document(s) listed above for collection and mailing following the firm's ordinary business practice in a sealed envelope with postage thereon fully prepaid for deposit in the United States mail at San Diego, California addressed as set forth below.

☐ by depositing a true copy of the same enclosed in a sealed envelope, with delivery fees provided for, in an overnight delivery service pick up box or office designated for overnight delivery, and addressed as set forth below.

☐ by personally delivering a copy of the document(s) listed above to the person(s) at the address(es) set forth below.

Timothy D. Cohelan, Esq.          Attorneys for Plaintiffs
Isam C. Khoury, Esq.
Michael D. Singer, Esq.
COHELAN & KHOURY
605 C Street, Suite 200
San Diego, CA 92101-5305
Phone: 619.595.3001
Fax:   619.595.3000

I am readily familiar with the firm's practice of collection and processing correspondence for mailing and for shipping via overnight delivery service. Under that practice it would be deposited with the U.S. Postal Service or if an overnight delivery service shipment, deposited in an overnight delivery service pick-up box or office on the same day with postage or fees thereon fully prepaid in the ordinary course of business.

LITTLER MENDELSON
A PROFESSIONAL CORPORATION
501 W. Broadway
Suite 900
San Diego, CA 92101-3577
619 232 0441

PROOF OF SERVICE

1           I declare under penalty of perjury under the laws of the State of California that the

2    above is true and correct. Executed on December 7, 2006, at San Diego, California.

3

4    _____

5                 KILSHA A. CASTRO

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

LITTLER MENDELSON
A Professional Corporation
501 W Broadway
Suite 900
San Diego, CA 92101 3577
619 232 0441

2.

**PROOF OF SERVICE**

OJS 44 (Rev. 11/04)

# CIVIL COVER SHEET   ORIGINAL

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet.   (SEE INSTRUCTIONS ON THE REVERSE OF THE FORM.)

## I. (a) PLAINTIFFS

FERNANDO OBLITAS-RIOS, on behalf of himself and all others similarly situated

**DEFENDANTS**

PFIZER, INC., a California Corporation; and DOES 1-100

**(b)** County of Residence of First Listed Plaintiff San Diego
(EXCEPT IN U.S. PLAINTIFF CASES)

County of Residence of First Listed
(IN U.S. PLAINTIFF CASES ONLY)

06 DEC -8 AM 11: 56

NOTE:  IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE
LAND INVOLVED.

**(c)** Attorney's (Firm Name, Address, and Telephone Number)
TIMOTHY D. COHELAN, Bar No. 60827
ISAM C. KHOURY, Bar No. 58759
MICHAEL D. SINGER, Bar No. 115301
COHELAN & KHOURY
605 C Street, Suite 200
San Diego, CA 92101
Tel: (619) 595-3001
Fax: (619) 595-3000

Attorneys (If Known)
JEREMY A. ROTH, Bar No. 129007
TINA M. FRYAR, Bar No. 190755
MICHELLE S. PARK, Bar No. 199224
501 West Broadway, Suite 900
San Diego, CA 92101-3577
Tel. (619) 232-0441
Fax: (619) 232-4302

'06 CV 2679 BTM     POR

## II. BASIS OF JURISDICTION (Place an "X" in One Box Only)

- [ ] 1  U.S. Government Plaintiff
- [ ] 3  Federal Question (U.S. Government Not a Party)
- [ ] 2  U.S. Government Defendant
- [ ] 4  Diversity (Indicate Citizenship of Parties in Item III)

## III. CITIZENSHIP OF PRINCIPAL PARTIES (Place an "X" in One Box for Plaintiff and One Box for Defendant)
(For Diversity Cases Only)

|  | PTF | DEF |  | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | [ ] 1 | [ ] 1 | Incorporated or Principal Place of Business In This State | [ ] 4 | [ ] 4 |
| Citizen of Another State | [ ] 2 | [ ] 2 | Incorporated and Principal Place of Business In Another State | [ ] 5 | [ ] 5 |
| Citizen or Subject of a Foreign Country | [ ] 3 | [ ] 3 | Foreign Nation | [ ] 6 | [ ] 6 |

## IV. NATURE OF SUIT (Place an "X" in One Box Only)

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| [ ] 110 Insurance | **PERSONAL INJURY** | **PERSONAL INJURY** | [ ] 610 Agriculture | [ ] 422 Appeal 28 USC 158 | [ ] 400 State Reapportionment |
| [ ] 120 Marine | [ ] 310 Airplane | [ ] 362 Personal Injury— Med. Malpractice | [ ] 620 Other Food & Drug | [ ] 423 Withdrawal 28 USC 157 | [ ] 410 Antitrust |
| [ ] 130 Miller Act | [ ] 315 Airplane Product Liability | [ ] 365 Personal Injury — Product Liability | [ ] 625 Drug Related Seizure of Property 21 USC 881 | | [ ] 430 Banks and Banking |
| [ ] 140 Negotiable Instrument | [ ] 320 Assault, Libel & Slander | [ ] 368 Asbestos Personal Injury Product Liability | [ ] 630 Liquor Laws | **PROPERTY RIGHTS** | [ ] 450 Commerce |
| [ ] 150 Recovery of Overpayment & Enforcement of Judgment | [ ] 330 Federal Employers' Liability | | [ ] 640 R.R. & Truck | [ ] 820 Copyrights | [ ] 460 Deportation |
| [ ] 151 Medicare Act | [ ] 340 Marine | **PERSONAL PROPERTY** | [ ] 650 Airline Regs. | [ ] 830 Patent | [ ] 470 Racketeer Influenced and Corrupt Organizations |
| [ ] 152 Recovery of Defaulted Student Loans (Excl. Veterans) | [ ] 345 Marine Product Liability | [ ] 370 Other Fraud | [ ] 660 Occupational Safety/Health | [ ] 840 Trademark | [ ] 480 Consumer Credit |
| [ ] 153 Recovery of Overpayment of Veteran's Benefits | [ ] 350 Motor Vehicle | [ ] 371 Truth in Lending | [ ] 690 Other | | [ ] 490 Cable/Sat TV |
| [ ] 160 Stockholders' Suits | [ ] 355 Motor Vehicle Product Liability | [ ] 380 Other Personal Property Damage | **LABOR** | **SOCIAL SECURITY** | [ ] 810 Selective Service |
| [ ] 190 Other Contract | [ ] 360 Other Personal Injury | [ ] 385 Property Damage Product Liability | [X] 710 Fair Labor Standards Act | [ ] 861 HIA (1395ff) | [ ] 850 Securities/Commodities/ Exchange |
| [ ] 195 Contract Product Liability | | | [ ] 720 Labor/Mgmt. Relations | [ ] 862 Black Lung (923) | [ ] 875 Customer Challenge 12 USC 3410 |
| [ ] 196 Franchise | | | [ ] 730 Labor/Mgmt.Reporting & Disclosure Act | [ ] 863 DIWC/DIWW (405(g)) | [ ] 890 Other Statutory Actions |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | [ ] 740 Railway Labor Act | [ ] 864 SSID Title XVI | [ ] 891 Agricultural Acts |
| [ ] 210 Land Condemnation | [ ] 441 Voting | [ ] 510 Motions to Vacate Sentence | [ ] 790 Other Labor Litigation | [ ] 865 RSI (405(g)) | [ ] 892 Economic Stabilization Act |
| [ ] 220 Foreclosure | [ ] 442 Employment | **Habeas Corpus:** | [ ] 791 Empl. Ret. Inc. Security Act | | [ ] 893 Environmental Matters |
| [ ] 230 Rent Lease & Ejectment | [ ] 443 Housing/ Accommodations | [ ] 530 General | | **FEDERAL TAX SUITS** | [ ] 894 Energy Allocation Act |
| [ ] 240 Torts to Land | [ ] 444 Welfare | [ ] 535 Death Penalty | | [ ] 870 Taxes (U.S. Plaintiff or Defendant) | [ ] 895 Freedom of Information Act |
| [ ] 245 Tort Product Liability | [ ] 445 Amer. w/Disabilities - Employment | [ ] 540 Mandamus & Other | | [ ] 871 IRS—Third Party 26 USC 7609 | [ ] 900 Appeal of Fee Determination Under Equal Access to Justice |
| [ ] 290 All Other Real Property | [ ] 446 Amer. w/Disabilities - Other | [ ] 550 Civil Rights | | | [ ] 950 Constitutionality of State Statutes |
| | [ ] 440 Other Civil Rights | [ ] 555 Prison Condition | | | |

## V. ORIGIN (Place an "X" in One Box Only)

- [ ] 1 Original Proceeding
- [X] 2 Removed from State Court
- [ ] 3 Remanded from Appellate Court
- [ ] 4 Reinstated or Reopened
- [ ] 5 Transferred from another district (specify)
- [ ] 6 Multidistrict Litigation
- [ ] 7 Appeal to District Judge from Magistrate Judgment

## VI. CAUSE OF ACTION

Cite the U.S. Civil Statute under which you are filing (Do not cite jurisdictional statutes unless diversity):
29 USC §§ 201, et seq.

Brief description of cause:
FLSA Classification Claims

## VII. REQUESTED IN COMPLAINT:

- [ ] CHECK IF THIS IS A CLASS ACTION UNDER F.R.C.P. 23

DEMAND $

CHECK YES only if demanded in complaint:
JURY DEMAND:  [ ] Yes  [ ] No

American LegalNet, Inc.
www.USCourtForms.com

132634  $350  Se 12/8/06

| | | |
|---|---|---|
| **VIII. RELATED CASE(S)**<br>**IF ANY** | (See instructions): | JUDGE | DOCKET NUMBER |

| DATE | 12/8/06 | SIGNATURE OF ATTORNEY OF RECORD | |

**FOR OFFICE USE ONLY**

RECEIPT # _____ AMOUNT _____ APPLYING IFP _____ JUDGE _____ MAG. JUDGE _____

American LegalNet, Inc. | www.USCourtForms.com

Case 3:06-cv-02699-BTM-POR Document 1-2 Filed 12/08/2006 Page 48 of 48

**UNITED STATES
DISTRICT COURT**
Southern District of California
San Diego Division

**# 132634 — A1
December 8, 2006**

| Code | Case # | Qty | Amount |
|------|--------|-----|--------|
| 3V086900 | 3-06-CV-2679 | | 60.00 CH |
| | Judge — MOSKOWITZ | | |
| 3V086400 | | | 100.00 CH |
| 3V510000 | | | 190.00 CH |

Total->                350.00

FROM: CIVIL FILING
      FERNANDO OBLITAS-RIOS V.
      PFIZER INC
      BCH 288406  SH