JEREMY A. ROTH, Bar No. 129007
STACEY E. JAMES, Bar No. 185651
LITTLER MENDELSON
A Professional Corporation
501 W. Broadway, Suite 900
San Diego, CA 92101.3577
Telephone: 619.232.0441
Facsimile: 619.232.4302

Attorneys for Defendant
PFIZER INC.

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| FERNANDO OBLITAS-RIOS, on behalf of himself and all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>PFIZER INC., a California Corporation; and DOES 1-100, inclusive,<br><br>Defendant. | Case No. 06-CV-2679 BTM (AJB)<br><br>**PFIZER INC.'S NOTICE OF MOTION AND MOTION TO TRANSFER VENUE OR, IN THE ALTERNATIVE, TO STAY THIS ACTION PENDING RESOLUTION OF RELATED CASES**<br><br>Date: July 13, 2007<br>Time: 11:00 a.m.<br>Location: Courtroom No. 15<br><br>Before The Honorable Barry T. Moskowitz, United States District Court Judge, Southern District of California, Courtroom No. 15<br><br>PER CHAMBERS' ORDERS, NO ORAL ARGUMENT UNLESS REQUESTED BY THE COURT. |

TO PLAINTIFF AND HIS ATTORNEYS OF RECORD:

PLEASE TAKE NOTICE that on July 13, 2007 at 11:00 a.m., in Courtroom 15 of the Southern District of California located at 940 Front Street, San Diego, California, 92101, Defendant Pfizer Inc. ("Pfizer") will move the Court, pursuant to 28 U.S.C. § 1404(a), for an order granting Pfizer's Motion To Transfer Venue Or, In The Alternative, To Stay This Action Pending Resolution Of Related Cases and transferring this action brought by Fernando Oblitas-Rios ("Mr. Oblitas-Rios"), on behalf of himself and all others similarly situated, to the United States District

LITTLER MENDELSON
A PROFESSIONAL CORPORATION
501 W Broadway
Suite 900
San Diego, CA 92101.3577
619.232.0441

CASE NO. 06-CV-2679 BTM (AJB)
NOTICE OF MOTION TO TRANSFER VENUE

Court for the Southern District of New York where a nearly identical, prior-filed case, *Anthony Coultrip, et al. v. Pfizer Inc.*, Civil Action No. 06-cv-09952-AKH, is pending. In the alternative, Pfizer asks this Court to exercise its discretion in the interest of efficient judicial administration and stay this action pending resolution of the *Coultrip* action.

The motion is based upon this notice of motion, the accompanying memorandum of points and authorities filed herewith, the declaration of Debbie Juantorena, the declaration of James N. Boudreau, the lodgment of exhibits and exhibits filed in support of this motion, the pleadings and papers on file with the Court and such oral or documentary evidence that the Court may permit the parties to present.

As grounds for its Motion, Pfizer states as follows:

1. On November 1, 2006, Mr. Oblitas-Rios filed this purported class action lawsuit in the Superior Court of the State of California, County of San Diego. On December 8, 2006, Pfizer removed the action on the basis of federal question jurisdiction, 28 U.S.C. § 1331. In his Complaint, Mr. Oblitas-Rios alleges, on behalf of himself and all others similarly situated, that Pfizer failed to pay overtime wages, failed to pay minimum wages, and violated various other wage and hour provisions pursuant to the Fair Labor Standards Act ("FLSA"), 29 U.S.C. §§ 201 *et seq.*, and California state wage and hour law.

2. Notably, this case is nearly identical to the previously filed *Coultrip* action. Specifically, on October 19, 2006, multiple Plaintiffs filed the *Coultrip* case in the United States District Court for the Southern District of New York. That case was assigned to Judge Alvin K. Hellerstein. Like this case, the *Coultrip* case alleges violations of the FLSA and California wage and hour law (in addition to the laws of other states).[1]

3. Another related case, *Ayisha Jeter v. Pfizer, Inc.*, Civil Action No. 06-cv-15200-AKH, is also pending before Judge Hellerstein. In that case, Plaintiff alleges that Pfizer failed to pay certain overtime wages to Ms. Jeter and other sales representatives within New York

---

[1] The original *Coultrip* complaint, filed on October 19, 2006, asserted claims under the FLSA and the state wage and hour laws of Illinois, Pennsylvania, and Wisconsin. (See Lodgment of Exhibits, Exhisit 1). On November 17, 2006, the *Coultrip* Plaintiffs amended their Complaint to add a California Named Plaintiff, Benaias Albarran, as well as California-based state wage and hour claims. (*See* Lodgment of Exhibits, Exhibit 2).

LITTLER MENDELSON
A PROFESSIONAL CORPORATION
501 W. Broadway
Suite 900
San Diego, CA 92101.3577
619.232.0441

2    CASE NO. 06-CV-2679 BTM (AJB)
NOTICE OF MOTION TO TRANSFER VENUE

1  State, thereby violating New York Labor Law § 190, *et seq.*, and § 650, *et seq.* (*See* Lodgment of Exhibits, Exhibit 5). The Southern District of New York docketed this matter as related to the *Coultrip* action.[2]

4. Pursuant to several court orders issued by Judge Hellerstein, including the Court's latest Scheduling Order, the *Coultrip* and *Jeter* parties are engaged in significant discovery aimed at class certification issues. (*See* Lodgment of Exhibits, Exhibit 4). Specifically, the parties have each served and responded to multiple sets of written discovery. Plaintiffs served document requests on February 7, 2007, March 9, 2007, and April 17, 2007. They also served interrogatories on April 17, 2007. Pfizer served interrogatories and requests for production of documents on March 19, 2007. The parties served their responses to this discovery on or before April 30, 2007. On or before May 7, 2007, the parties exchanged thousands of pages of documents.

5. Pursuant to Judge Hellerstein's Scheduling Order, the *Coultrip* parties have noticed no less than seven depositions, which the parties must complete on or before June 15, 2007. To the extent necessary, the Plaintiffs may also schedule up to four regional and/or district sales managers for depositions, which must be completed on or before June 29, 2007. Again, by Court Order, these depositions are directly related to the issues relevant to class certification, including certification of a California class.

6. After the parties complete the above-referenced discovery, Plaintiffs must file their Motion for Class Certification pursuant to Fed. R. Civ. P. 23 and Section 216(b) of the FLSA. Plaintiffs' Motion is due June 30, 2007. Pfizer's Opposition is due by July 18, 2007, and any reply by July 31, 2007.

7. In a May 1, 2007 letter to Judge Hellerstein, Mr. Oblitas-Rios' counsel, Timothy D. Cohelan, acknowledged the relatedness of the *Coultrip* action to *Oblitas-Rios*. (Lodgment of Exhibits, Exhibit 7). He stated that "[w]e are of course fully prepared to coordinate the discovery required prior to class certification with related matters." The website of Plaintiffs'

---

[2] Ms. Jeter's Responses to Pfizer Inc.'s First Set of Interrogatories indicate that Ms. Jeter is in communication and coordinating with Mr. Oblitas-Rios. (Lodgment of Exhibits, Exhibit 6).

LITTLER MENDELSON
A PROFESSIONAL CORPORATION
501 W Broadway
Suite 900
San Diego, CA 92101.3577
619.232.0441

3   CASE NO. 06-CV-2679 BTM (AJB)
NOTICE OF MOTION TO TRANSFER VENUE

counsel's law firm makes clear the relatedness of the various actions; they are soliciting clients in all actions. (*See* Lodgment of Exhibits, Exhibit 8).[3]

8. Despite the admitted relatedness of these actions, and the on-going discovery taking place in the *Coultrip* action, Mr. Cohelan states that he intends to move the *Oblitas-Rios* action forward independently. Specifically, despite Judge Hellerstein's various Orders which undeniably impact this action, Mr. Cohelan indicates that he will file on behalf of Mr. Oblitas-Rios a Rule 23 motion for class certification. (*See* Lodgment of Exhibits, Exhibit 3, at pp. 37-39, and Exhibit 8).

9. Because this action and the *Coultrip* actions involve identical overlapping claims, the concurrent adjudication of these actions poses a serious threat to judicial efficiency and integrity as well as the rights of the putative class members. For these reasons, and to avoid inconsistent results, Pfizer asks this Court to transfer this case to the Southern District of New York so that Judge Hellerstein can resolve all matters without conflict.

10. Allowing these cases to proceed concurrently poses serious concerns. The parties are already litigating the exact same issues that are involved in the *Oblitas-Rios* case in the *Coultrip* case. Comparison of the cases shows the same set of operative facts, the same witnesses, the same case theories and causes of action, and substantially the same parties. Indeed, everyone who is a party to the *Oblitas-Rios* class is a party to the *Coultrip* class and *vice versa*. Consequently, an adjudication on the merits in either action will conclude a substantial portion of the other action.

11. In light of the substantial similarity of the two actions, traditional notions of judicial efficiency mandate that this Court transfer or stay this action. Aside from the obvious

---

[3] Cohelan & Khoury's solicitation of Pfizer sales representatives violates the clear terms of an Order issued by Judge Hellerstein and highlights the very dangers associated with litigating competing class actions simultaneously. On February 28, 2007, Judge Hellerstein ordered all parties not to communicate with putative class members until he had resolved the class certification issues at issue, including California. (See Lodgment of Exhibits, Exhibit 3, at pp. 37-39). Although the Cohelan firm is admittedly cooperating with counsel in the *Coultrip* action, and may well have a financial interest in that litigation (*see* Lodgment of Exhibits, Exhibit 9), they are nonetheless soliciting and/or communicating with current and former Pfizer sales representatives in violation of Judge Hellerstein's Order. (See Exhibit 8). This action puts Pfizer at a disadvantage; although its counsel may not communicate with putative class members regarding the lawsuit, Cohelan & Khoury apparently believes it can merely by formally refusing to join forces with counsel in *Coultrip*. Such a result is not only improper, it fosters claim splitting and forum shopping, the very things Section 1404(a) is designed to prevent.

LITTLER MENDELSON
A PROFESSIONAL CORPORATION
501 W. Broadway
Suite 900
San Diego, CA 92101.3577
619.232.0441

4

CASE NO. 06-CV-2679 BTM (AJB)
NOTICE OF MOTION TO TRANSFER VENUE

additional expense and duplication of effort involved, litigating similar cases simultaneously in two forums also places inordinate time demands on the parties, witnesses, and counsel, further exposing the parties to the threat of inconsistent results.

12. Accordingly, the convenience of the parties and witnesses as well as the interests of justice favor this Court transferring the *Oblitas-Rios* action to the Southern District of New York, where the first-filed *Coultrip* case is already farther along.

13. Should this Court opt not to transfer this action pursuant to Section 1404(a), it should stay the *Oblitas-Rios* proceedings, pending resolution of the *Coultrip* and *Jeter* actions. Specifically, the "first-to-file rule" gives this Court broad discretion to transfer or stay a later-filed case. Here, the *Coultrip* Plaintiffs filed their original complaint well before Mr. Oblitas-Rios filed his action, and the interests of efficiency and justice require that these competing actions not proceed simultaneously. Accordingly, at a minimum, this Court should stay this action.

FOR THE AFOREMENTIONED REASONS, this Court should transfer this action to the Southern District of New York to be consolidated for pre-trial purposes with the *Coultrip* and *Jeter* cases.

Dated: May 16, 2007

JEREMY A. ROTH
STACEY E. JAMES
LITTLER MENDELSON
A Professional Corporation
Attorneys for Defendant
PFIZER INC.

LITTLER MENDELSON
A PROFESSIONAL CORPORATION
501 W. Broadway
Suite 900
San Diego, CA 92101.3577
619.232.0441

5

CASE NO. 06-CV-2679 BTM (AJB)
NOTICE OF MOTION TO TRANSFER VENUE