JEREMY A. ROTH, Bar No. 129007
STACEY E. JAMES, Bar No. 185651
LITTLER MENDELSON
A Professional Corporation
501 W. Broadway, Suite 900
San Diego, CA 92101.3577
Telephone:    619.232.0441
Facsimile:    619.232.4302

Attorneys for Defendant
PFIZER INC.

# UNITED STATES DISTRICT COURT

# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| FERNANDO OBLITAS-RIOS, on behalf of himself and all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>PFIZER INC., a California Corporation; and DOES 1-100, inclusive,<br><br>Defendant. | Case No. 06-CV-2679 BTM (AJB)<br><br>**MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF PFIZER INC.'S MOTION TO TRANSFER VENUE, OR, IN THE ALTERNATIVE, TO STAY THIS ACTION PENDING RESOLUTION OF RELATED CASES**<br><br>Date:        July 13, 2007<br>Time:        11:00 a.m.<br>Location:    Courtroom No. 15<br><br>Before The Honorable Barry T. Moskowitz, United States District Court Judge, Southern District of California, Courtroom No. 15<br><br>PER CHAMBERS' ORDERS, NO ORAL ARGUMENT UNLESS REQUESTED BY THE COURT. |

LITTLER MENDELSON
A PROFESSIONAL CORPORATION
501 W. Broadway
Suite 900
San Diego, CA 92101.3577
619.232.0441

# TABLE OF CONTENTS

                                                                                    **PAGE**

I.    INTRODUCTION ........................................................................................................1

II.   PROCEDURAL AND FACTUAL BACKGROUND ............................................................2

      A.    The Oblitas-Rios Action .........................................................................2

      B.    The Coultrip Action ................................................................................3

      C.    Jeter Action .............................................................................................6

      D.    The Parallel Adjudication of These Actions is Causing Conflict .................7

III.  ARGUMENT ...............................................................................................................8

      A.    This Court should grant Pfizer's Motion to Transfer Venue .......................8

            1.    Although venue is proper in this Court, Mr. Oblitas-Rios could have
                  (and should have) filed this case in the Southern District of New York ..........8

            2.    The interests of justice also favor the transfer of this case ................9

            3.    The convenience of the parties and witnesses favors transferring this
                  case ................................................................................................12

      B.    In the alternative, this Court should stay this action, pending the resolution of
            the Coultrip action, pursuant to the first-to-file rule. ..................................19

IV.   CONCLUSION ...........................................................................................................20

LITTLER MENDELSON
A PROFESSIONAL CORPORATION
501 W. Broadway
Suite 900
San Diego, CA 92101-3577
619.232.0441

i.

CASE NO. 06-CV-2679 BTM (AJB)
MEMO IN SUPPORT OF MOTION TO
TRANSFER VENUE

# TABLE OF AUTHORITIES

PAGE

## CASES

*A.J. Industries, Inc. v. United States Dist. Ct.,*
   503 F.2d 384 (9th Cir. 1974) .................................................................................. 9

*Alexander v. Franklin Resources, Inc.,*
   No. C 06-7121 SI, 2007 WL 518859 (N.D. Cal. Feb. 14, 2007) ........................... 9, 10, 14, 16, 18

*Alltrade Inc. v. Uniweld Prods., Inc.,*
   946 F.2d 622 (9th Cir. 1991) ..................................................................... 11, 14, 19

*American Dredging Co. v. Miller,*
   501 U.S. 433 (1994) ............................................................................................ 16

*Burstein v. Applied Extrusion Techs., Inc.,*
   829 F. Supp. 106 (D. Del. 1992) ...................................................................... 16

*Byerson v. Equifax Information Servs., LLC,*
   467 F. Supp. 2d 627 (E.D. Va. 2006) ...................................................... 9, 10, 13

*Commodity Futures Trading Comm'n v. Savage,*
   611 F.2d 270 (9th Cir. 1979) .................................................................................. 8

*DealTime.com Ltd. v. McNulty,*
   123 F. Supp. 2d 750 (S.D.N.Y. 2000) ................................................................ 18

*Decker Coal Co. v. Commonwealth Edison Co.,*
   805 F.2d 834 (9th Cir. 1986) ............................................................................. 13

*Dumas v. Major League Baseball Props., Inc.,*
   52 F. Supp. 2d 1183 (S.D. Cal. 1999) .............................................................. 11

*Eichenholtz v. Brennan,*
   677 F. Supp. 198 (S.D.N.Y. 1988) ...................................................................... 13

*Ellis v. Costco Wholesale Corp.,*
   372 F. Supp. 2d 530 (N.D. Cal. 2005) .............................................................. 18

*Evancho v. Sanofi-Aventis U.S. Inc.,*
   No. C 07-00098 SI, 2007 WL 1302985 (N.D. Cal. May 3, 2007) ...................... 16

*Fuller v. Abercrombie & Fitch Stores, Inc.,*
   370 F. Supp. 2d 686 (E.D. Tenn. 2005) ...................................................... 10, 11

*Gerin v. Aegon USA, Inc.,*
   No. C 06-5407 SBA, 2007 WL 1033472 (N.D. Cal. Apr. 4, 2007) .......... 8, 9, 10, 11, 19

*Goodyear Tire & Rubber v. McDonnell Douglas Corp.,*
   820 F. Supp. 503 (C.D. Cal. 1992) ....................................................................... 8

*Grace v. Bank Leumi Trust Co. of New York,*
   No. 02 Civ. 6612 (RMB), 2004 WL 639468 (S.D.N.Y. Mar. 31, 2004) ........... 10

*Gulf Oil Corp. v. Gilbert,*
   330 U.S. 501 (1947) ............................................................................................ 16

*Hoffman v. Blaski,*
   363 U.S. 335 80 S.Ct. 1084, 4 L.Ed.2d 1254 (1960) ......................................... 8

LITTLER MENDELSON
A PROFESSIONAL CORPORATION
501 W. Broadway
Suite 900
San Diego, CA  92101 3577
619 232 0441

CASE NO. 06-CV-2679 BTM (AJB)
MEMO IN SUPPORT OF MOTION TO
TRANSFER VENUE

# TABLE OF AUTHORITIES
### (CONTINUED)

PAGE

*Jenkins v. H & R Block, Inc.*,
No. 4:06-cv-00365 GTE, 2006 WL 1408328 (E.D. Ark. May 17, 2006) ...................................10

*Joint Stock Soc'y, Trade House of Descendents of Peter Smirnof v. Heublein, Inc.*,
936 F. Supp. 177 (D. Del. 1996) ............................................................................16

*Jones v. GNC Franchising, Inc.*,
211 F.3d 495 (9th Cir. 2000) ..........................................................................1, 8

*London and Hull Mar. Ins. Co. Ltd. v. Eagle Pac. Ins. Co.*,
1996 WL 479013, at *3 (N.D. Cal. 1996) ................................................................9

*Lou v. Belzberg*,
834 F.2d at 730 (9th Cir. 1987) ........................................................................13

*Mercury Serv., Inc. v. Allied Bank of Texas*,
117 F.R.D. 147 (C.D.Cal.1987)............................................................................8

*Nakash v. Marciano*,
882 F.2d 1411 (9th Cir. 1989) ......................................................................11, 19

*Owner-Operator Independent Drivers Ass'n, Inc. v. C.R. England, Inc.*,
No. CV F 02-5664 AWI SMS, 2002 WL 32831640 (E.D. Cal., Aug. 19, 2002)..........................18

*Pacesetter Systems, Inc. v. Medtronic, Inc.*,
678 F.2d 93 (9th Cir. 1982) .........................................................................11, 19

*Pacific Car & Foundry Co. v. Pence*,
403 F.2d 949 (9th Cir. 1968) ..........................................................................13

*Panasonic Corp. v. Patriot Scientific Corp.*,
2006 WL 709024 (N.D. Cal. 2006) ....................................................................19

*Passantino v. Johnson & Johnson Consumer Products, Inc.*,
212 F.3d 493 (9th Cir. 2000) .........................................................................18

*Planting Res., Inc. v. UTI Corp.*,
47 F. Supp. 2d 899 (N.D. Ohio 1999) ...................................................................11

*Pratt v. Rowland*,
769 F. Supp. 1128 (N.D. Cal. 1991) ......................................................................9

*Rodriguez v. Topps Co., Inc.*,
104 F. Supp. 2d 1224 (S.D. Cal. 2000) ..................................................................11

*Royal Queentex Enterprises Inc v. Sara Lee Corp.*,
No. C-99-4787 MJJ, 2000 WL 246599 (N.D. Cal. Mar. 1, 2000) ....................................13

*Samsung Elecs. Co., Ltd. v. Rambus, Inc.*,
386 F. Supp. 2d 708 (E.D. Va. 2005) .....................................................................9

*Save Power Ltd. v. Syntek Fin. Corp.*,
121 F.3d 947 (5th Cir. 1997) ..........................................................................11

*Serco Servs. Co. v. Kelley Co.*,
51 F.3d 1037 (Fed. Cir. 1995) .........................................................................19

*Stewart Org. v. Ricoh Corp.*,
487 U.S. 22, 108 S.Ct. 2239, 101 L.Ed.2d 22 (1988).................................................8

LITTLER MENDELSON
A PROFESSIONAL CORPORATION
501 W. Broadway
Suite 900
San Diego, CA 92101-3577
619.232.0441

iii.

CASE NO. 06-CV-2679 BTM (AJB)
MEMO IN SUPPORT OF MOTION TO
TRANSFER VENUE

# TABLE OF AUTHORITIES
### (CONTINUED)

PAGE

*Stuart v. ESPN,*
No. C 06-02094, 2006 WL 2433416 (N.D. Cal. Aug. 21, 2006) ................................14

*Thomas & Betts Corp. v. Hayes,*
222 F. Supp. 2d 994 (W.D. Tenn. 2002) ................................11

*Triad Systems Corp. v. Southeastern Exp. Co.,*
64 F.3d 1330 (9th Cir. 1995) ................................8

*TruServ Corp. v. Neff,*
6 F. Supp. 2d 790 (N.D. Ill. 1994) ................................13

*Wang v. LB Int'l Inc.,*
No. C 04-2475, 2005 WL 2090672 (W.D. Wash. Aug. 29, 2005) ................................17

*Ward v. Follett Corp.,*
158 F.R.D. 645 (N.D. Cal. Oct. 25, 1994) ................................11

*Waterbury v. Safeway Inc.,*
No. C 06-02072 JL, 2006 WL 3147687 (N.D. Cal. Oct. 31, 2006) ................................17

*Wiley v. Trendwest Resorts, Inc.,*
No. C 04-4321, 2005 WL 1910934 (N.D. Cal. Aug. 10, 2005 ................................10, 13

*Williams v. Bowman,*
157 F. Supp. 2d 1103 (N.D. Cal. 2001) ................................13

### STATUTES

29 U.S.C. sections 201 *et seq.* ................................2, 3

28 U.S.C. section 1331 ................................3, 9

28 U.S.C. section 1367 ................................9

28 U.S.C. section 1391(b)(1) ................................9

28 U.S.C. section 1391(c) ................................9

28 U.S.C. section 1404(a) ................................1, 2, 8, 12, 16

California Business & Professions Code section 17200 ................................3, 4

California Labor Code section 202 ................................4

California Labor Code section 203 ................................2, 4

California Labor Code section 226 ................................4

California Labor Code section 226.7 ................................4

California Labor Code section 510 ................................4

California Labor Code section 512 ................................4

California Labor Code section1174 ................................4

California Labor Code section 1174.5 ................................4

California Labor Code section 1194 ................................2, 3

New York Labor Law section 190, *et seq.* ................................6

New York Labor Law section 650 ................................6

LITTLER MENDELSON
A PROFESSIONAL CORPORATION
501 W. Broadway
Suite 900
San Diego, CA 92101 3577
619 232 0441

CASE NO. 06-CV-2679 BTM (AJB)
MEMO IN SUPPORT OF MOTION TO
TRANSFER VENUE

**TABLE OF AUTHORITIES**
(CONTINUED)

PAGE

**RULES**

Federal Rules Civil Procedure 23 ........................................................................................................5

Title VII ..............................................................................................................................................18

LITTLER MENDELSON
A PROFESSIONAL CORPORATION
501 W Broadway
Suite 900
San Diego, CA 92101-3577
619 232 0441

v.

CASE NO. 06-CV-2679 BTM (AJB)
MEMO IN SUPPORT OF MOTION TO
TRANSFER VENUE

# I.
# INTRODUCTION

In this lawsuit, Fernando Oblitas-Rios ("Mr. Oblitas-Rios") alleges, on behalf of himself and all others similarly situated, that Defendant Pfizer Inc. ("Pfizer") failed to pay overtime wages, failed to pay minimum wages, and violated various other wage and hour provisions of the Fair Labor Standards Act ("FLSA"), 29 U.S.C. §§ 201 *et seq.*, and California wage and hour law. This action, however, is substantially similar to a previously filed case, *Coultrip, et al. v. Pfizer Inc.*, pending before Judge Alvin K. Hellerstein of the United States District Court for the Southern District of New York. The *Coultrip* case alleges identical violations of the FLSA and California wage and hour laws, as well as the laws of other states (Illinois, Pennsylvania and Wisconsin).[1] In addition to the overlapping claims, these cases involve the same set of operative facts, the same witnesses, the same parties, and the same case theories. The *Coultrip* action has seen far more activity than the *Oblitas-Rios* action, including extensive briefing regarding the class and collective action issues, rounds of written discovery, the exchange of thousands of pages of documents, and the scheduling of multiple depositions.

Because of the risks of duplication and conflict of independently adjudicating these cases, this Court should transfer the *Oblitas-Rios* action to the Southern District of New York. A court may, in its discretion, transfer a case to another district where the case may have been brought when doing so will satisfy the convenience of the parties and witnesses and the interests of justice. 28 U.S.C. § 1404(a); *Jones v. GNC Franchising, Inc.*, 211 F.3d 495, 498 (9th Cir. 2000). This case is ideal for such a transfer. First, as the *Coultrip* case itself evidences, Mr. Oblitas-Rios could have filed this case in the Southern District of New York. Indeed, Pfizer maintains its corporate headquarters in that District, and the operative decisions at issue here, such as overtime pay, minimum wage pay, and sales representative classifications, occurred there. Second, the risks due to the multiplicity of these actions, the feasibility of consolidation in the Southern District of New

---

[1] Another related case, *Jeter v. Pfizer Inc.*, Civil Action No. 06-cv-15200-AKH, is also before Judge Hellerstein. In that case, the plaintiff alleges various wage and hour claims under New York State law. It is being coordinated with the *Coultrip* action.

LITTLER MENDELSON
A PROFESSIONAL CORPORATION
501 W. Broadway
Suite 900
San Diego, CA 92101 3577
619 232 0441

CASE NO. 06-CV-2679 BTM (AJB)
MEMO IN SUPPORT OF MOTION TO
TRANSFER VENUE

1  York, and the fact that the *Coultrip* action was filed first all support finding that the interests of

2  justice will be met, pursuant to Section 1404(a). Third, because of the location of Pfizer's

3  headquarters and its potential witnesses, this transfer will satisfy the convenience factors necessary

4  for transfer under Section 1404(a). Accordingly, the great weight of the evidence supports this

5  Court transferring this action.

6  Should this Court opt not to transfer this action pursuant to Section 1404(a), it should

7  take action to protect the parties and putative class members from the threat of inconsistent results.

8  Specifically, it should stay the *Oblitas-Rios* proceedings, pending resolution of the *Coultrip* and

9  *Jeter* actions. The "first-to-file rule" gives this Court broad discretion to transfer or stay a later-filed

10 case. Here, the *Coultrip* Plaintiffs filed their original complaint well before Mr. Oblitas-Rios filed

11 his action, and the interests of efficiency and justice require that these competing actions not proceed

12 simultaneously. At a minimum, therefore, this Court should stay this action.

13
## II.
## PROCEDURAL AND FACTUAL BACKGROUND
14

15 To rule on the instant Motion to Transfer Venue, a full understanding of the various

16 related actions, and their respective procedural histories, is necessary.

17 **A.  The Oblitas-Rios Action**

18 Mr. Oblitas-Rios filed this action on November 1, 2006 in the Superior Court of the

19 State of California, County of San Diego. In his Complaint, Mr. Oblitas-Rios alleges several causes

20 of action for failure to pay overtime wages, failure to pay minimum wages, and related causes of

21 action under the FLSA, 29 U.S.C. §§ 201 *et seq.*, California Labor Code sections 1194 and 203, and

22 Labor Code sections 226.7 and 226. He brings this cause of action on behalf of himself and all

23 others similarly situated, which he defines as follows:

24
All current and former California-based employees having a title
25 of Pharmaceutical Representative and/or other similarly designated
titles, who have worked for Defendant PFIZER, INC. within the
26 last four (4) years from the filing of the Complaint up to and
including the time of trial for this matter (hereafter
27 "Pharmaceutical Representatives").

28

LITTLER MENDELSON
A Professional Corporation
501 W. Broadway
Suite 900
San Diego, CA 92101 3577
619 232 0441

2

CASE NO. 06-CV-2679 BTM (AJB)
MEMO IN SUPPORT OF MOTION TO
TRANSFER VENUE

1 (Compl. at ¶ 18).

2         Mr. Oblitas-Rios alleges that "Defendants fail[ed] to pay overtime pursuant to

3 Business & Professions Code sections 17200 et seq., 29 U.S.C. sections 201 et seq. [the Fair Labor

4 Standards Act ("FLSA")], Labor Code section 1194, Wage Order 4, section 3, Labor Code section . .

5 . 226.7." (Compl. at ¶ 3). He states that "[t]his is a civil action seeking recovery for Plaintiff and all

6 Class Members of overtime wages, denied meal and rest period pay, penalties for failure to comply

7 with wage statement provisions . . . under California Labor Code sections 1194 and 203, I.W.C.

8 Wage Order 4, section 4, Labor Code section 226.7, Labor Code section 226, and 29 U.S.C. sections

9 201 et seq., the Fair Labor Standards Act (FLSA)." (Compl. at ¶ 1). He also asserts that "[t]he Fair

10 Labor Standards Act, 29 U.S.C. 201 et seq., (FLSA) states that an employee must be paid overtime,

11 equal to 1.5 times the employee's rate of pay, for all hours worked in excess of 40 per week. This

12 court has concurrent jurisdiction over claims involving the FLSA pursuant to 29 U.S.C. section

13 216(b)." (Compl. at ¶ 36). Further, Mr. Oblitas-Rios alleges that "Overtime Subclass B members

14 regularly work more than 40 hours per week, but are not paid overtime. Subclass B members were

15 not "exempt" under the FLSA . . .." (Compl. at ¶ 37).

16         On December 7, 2006, Pfizer timely filed its Answer to Mr. Oblitas-Rios' Complaint.

17 On December 8, 2006, Pfizer removed this action to this Court in part on the basis of federal

18 question jurisdiction, 28 U.S.C. § 1331. Upon removing this action, Pfizer filed a Notice of Related

19 Cases, informing this Court of the *Coultrip* and *Jeter* cases already pending in the United States

20 District Court for the Southern District of New York. As Pfizer explained, the *Coultrip* case

21 "involves many of the exact same claims and allegations alleged by Plaintiff in this action . . . and

22 purports to include class claims for similar or identical job titles for employeeS and former

23 employees, including those in California." Pfizer also asserted that the *Jeter* case "involves many

24 similar allegations to those alleged by Plaintiff in this action, although purports to only be brought

25 under New York state wage and hour law."

26 **B.**    **The Coultrip Action**

27         On October 19, 2006, Plaintiffs Anthony Coultrip, David Hadley, Dana Higgs, and

28 Robert Chenault (collectively, the "*Coultrip* Plaintiffs") filed their Original Complaint alleging

LITTLER MENDELSON
A PROFESSIONAL CORPORATION
501 W. Broadway
Suite 900
San Diego, CA 92101-3577
619.232.0441

3

CASE NO. 06-CV-2679 BTM (AJB)
MEMO IN SUPPORT OF MOTION TO
TRANSFER VENUE

1   violations of the FLSA and other wage and non-wage claims under Illinois, Pennsylvania and

2   Wisconsin law. (*See* Lodgment of Exhibits, Exhibit 1). Plaintiffs did not serve this Complaint on

3   Pfizer. On November 17, 2006, the *Coultrip* Plaintiffs filed a First Amended Complaint, adding

4   Benaias Albarran as a Named Plaintiff and alleging violations of the FLSA, as well as various wage

5   and non-wage laws under California, Illinois, Pennsylvania, and Wisconsin law. On December 1,

6   2006, the *Coultrip* Plaintiffs served the First Amended Complaint on Pfizer. (*See* Lodgment of

7   Exhibits, Exhibit 2).

8          Like Mr. Oblitas-Rios, the *Coultrip* Plaintiffs are all former Pfizer pharmaceutical

9   sales representatives. As Mr. Oblitas-Rios does, the *Coultrip* Plaintiffs allege that Pfizer should

10  have classified them, and other similarly situated employees, as non-exempt workers and paid them

11  overtime pay for all hours worked in excess of 40 in a week or 8 in a day, where applicable. The

12  *Coultrip* Plaintiffs assert that Pfizer has violated both federal and state law. Pursuant to the FLSA,

13  the *Coultrip* Plaintiffs purport to bring a collective action on behalf of all persons who have been,

14  are, or in the future will be employed by Pfizer in any job whose title is or was referred to as Sales

15  Representative, Health Care Representative, Professional Health Care Representative, Territory

16  Sales Consultant, Professional Health Care Consultant, and Senior Professional Health Care

17  Consultant, as well as those employees who performed substantially the same work as employees

18  with any of the aforementioned titles ("Covered Positions"). (Exhibit 2, at ¶ 1).

19         Pursuant to Rule 23, the *Coultrip* Plaintiffs define their respective state law sub-

20  classes, under California, Illinois, Pennsylvania, and Wisconsin law, as follows:

21

22         **California Class:** Mr. Albarran brings a class action under the
           California Labor Code and Business and Professional Code,[2] pursuant
23         to Rule 23, for relief on behalf of himself and all persons who were,
           are, or will be employed by Pfizer in a Covered Position within
24

25  [2] Specifically, Mr. Albarran asserts state law claims under: (1) the California Unfair Competition
    Law, Cal. Bus. & Prof. Code § 17200 *et seq.*; (2) the California Overtime Provisions, Cal. Wage
26  Order No. 4 and Cal. Labor Code §§ 510, 1194, and 1194.5; (3) the California Waiting Period
    Penalties, Cal. Labor Code §§ 202-203; (4) the California Record-Keeping Provisions, Cal. Wage
27  Order No. 4 and Cal. Labor Code §§ 226, 1174, and 1174.5; and (5) the California Meal and Rest
    Period Provisions of the California Labor Code, §§ 226.7 and 512 and California Wage Order No. 4.
28  (Exhibit 2, at ¶¶ 64, 71, 76, 81, 84).

LITTLER MENDELSON
A Professional Corporation
501 W. Broadway
Suite 900
San Diego, CA 92101-3577
619.232.0441

4   CASE NO. 06-CV-2679 BTM (AJB)
    MEMO IN SUPPORT OF MOTION TO
    TRANSFER VENUE

California on or after the date that is four years before the filing of the Complaint ("California Class"). (Exhibit 2, at ¶ 24).

**Illinois Class:** Mr. Coultrip brings a class action, pursuant to Rules 23(a), (b)(2), and (b)(3), under the Illinois Minimum Wage Law ("IMWL"), Ill. Rev. Stat. ch. 820, on behalf of himself and all persons who were, are, or will be employed by Pfizer in a Covered Position within Illinois on or after the date that is three years before the filing of the Complaint ("Illinois Class"). (Exhibit 2, at ¶ 32).

**Pennsylvania Class:** Mr. Hadley and Ms. Higgs bring their class action, pursuant to Rules 23(a), (b)(2), and (b)(3), under the Pennsylvania Minimum Wage Act of 1968 ("PMWA"), Pa. Cons. Stat. §§ 333.101, on behalf of themselves and all persons who were, are, or will be employed by Pfizer in a Covered Position within Pennsylvania on or after the date that is three years before the filing of the Complaint ("Pennsylvania Class"). (Exhibit 2, at ¶ 40).

**Wisconsin Class:** Mr. Chenault brings a class action, pursuant to Rule 23 (a), (b)(2), and (b)(3), under the Wisconsin Minimum Wage Law ("WMWL"), Wis. Stat. § 103.025 and Wis. Admin. Code § 274.03, on behalf of himself and all persons who were, are, or will be employed by Pfizer in a Covered Position within Wisconsin on or after the date that is two years before the filing of the Complaint ("Wisconsin Class"). (Exhibit 2, at ¶ 48).

On December 21, 2006, Pfizer answered the First Amended Complaint. Concurrently, Pfizer filed a Motion to Dismiss and/or Strike Plaintiffs' Rule 23 State Law Class Allegations. On January 19, 2007, the *Coultrip* Plaintiffs filed their Brief in Opposition to Pfizer's Motion, to which Pfizer replied on February 5, 2007. On February 28, 2007, Judge Hellerstein heard oral argument on Pfizer's Motion. From the bench, Judge Hellerstein denied Pfizer's Motion to Dismiss without prejudice. In doing so, he ordered the parties to engage in limited discovery aimed at developing a case record from which he could render a ruling on the propriety of class certification under Fed. R. Civ. P. 23 of the various state law classes, including California. He specifically stated that the issues Pfizer raised in its Motion to Dismiss would be ripe for resolution after such discovery.[3]

---

[3] During the hearing, Judge Hellerstein also ordered that all counsel and parties refrain from contacting or communicating with putative class members regarding the litigation until the Court decides the propriety of class certification. (*See* Lodgment of Exhibits, Exhibit 3, at pp. 36-38). This Order remains in effect in the *Coultrip* case.

LITTLER MENDELSON
A PROFESSIONAL CORPORATION
501 W. Broadway
Suite 900
San Diego, CA 92101-3577
619 232 0441

5

CASE NO. 06-CV-2679 BTM (AJB)
MEMO IN SUPPORT OF MOTION TO
TRANSFER VENUE

1    To this end, the *Coultrip* parties have engaged in and continue to engage in extensive

2    discovery aimed at the class certification issue. (*See* Lodgment of Exhibits, Exhibit 4). Specifically,

3    the parties have each served and responded to multiple sets of written discovery. On February 7,

4    2007, March 9, 2007 and April 17, 2007,[4] Plaintiffs served document requests. On March 19, 2007,

5    Pfizer served interrogatories and requests for production of documents on each *Coultrip* Plaintiff.

6    The parties served their responses to this discovery on or before April 30, 2007. On or before May

7    7, 2007, the parties exchanged thousands of pages of documents.

8    Pursuant to Judge Hellerstein's Scheduling Order, the *Coultrip* parties have noticed

9    no less than seven depositions, which the parties must complete on or before June 15, 2007. To the

10   extent necessary, the Plaintiffs may also schedule up to four regional and/or district sales managers

11   for depositions. The parties must complete these depositions by June 29, 2007. Again, by Court

12   Order, these depositions are to be focused on the issues related to class certification, including

13   certification of a California class. After this discovery is completed, the parties will engage in

14   briefing for the Motion for Rule 23 Class Certification, with the Plaintiff's Motion being due on June

15   30, 2007, Pfizer's Opposition due July 18, 2007, and Plaintiffs' reply due on July 31, 2007.

16   **C.    Jeter Action**

17   On November 16, 2006, Ayisha Jeter filed a Complaint against Pfizer in the Supreme

18   Court of the State of New York, New York County. In her Complaint, Ms. Jeter alleges that Pfizer

19   failed to pay certain wages to Ms. Jeter and other similarly situated sales representatives within New

20   York State. (Lodgment of Exhibits, Exhibit 5). She brings her claims pursuant to the New York

21   Labor Law § 190, *et seq.*, and § 650, *et seq.* On December 15, 2006, Pfizer removed this action to

22   the Southern District of New York pursuant to the federal jurisdiction granted by 28 U.S.C. §

23   1332(d).

24   On December 29, 2006, the Southern District of New York docketed this case as

25   related to *Coultrip et al. v. Pfizer*.[5] Accordingly, it is assigned to Judge Hellerstein. On January 3,

26

27   [4] On April 17, 2007, Plaintiffs also served interrogatories.

28   [5] Although the *Jeter* action only states New York state claims, it is still proceeding in a related
     manner to *Oblitas-Rios*. In fact, in Jeter's Responses to Pfizer Inc.'s First Set of Interrogatories, Ms.

LITTLER MENDELSON
A PROFESSIONAL CORPORATION
501 W. Broadway
Suite 900
San Diego, CA 92101-3577
619.232.0441

6

CASE NO. 06-CV-2679 BTM (AJB)
MEMO IN SUPPORT OF MOTION TO
TRANSFER VENUE

1   2007, Pfizer filed its Answer.  On February 27, 2007, Pfizer filed a Motion to Dismiss Plaintiff's

2   Rule 23 Class Allegations for the same reasons that it had moved to dismiss the class allegations

3   contained in the *Coultrip* action.  For the same reasons in *Coultrip*, the Court held that "the issues

4   with respect to Pfizer were fact-intensive and could be considered more appropriately in connection

5   with a motion under Rule 23 for class certification."

6           Accordingly, the parties in the *Jeter* case have exchanged written discovery and are in

7   the process of scheduling depositions.

8   **D.      The Parallel Adjudication of These Actions is Causing Conflict**

9           As these cases proceed, the separate adjudication of the *Oblitas-Rios* and the

10  *Coultrip/Jeter* actions is beginning to demonstrate the inevitable problem of conflicting results.

11  Specifically, the litigation and discovery in the *Coultrip* case far exceeds action taken in the *Oblitas-*

12  *Rios* case.  Indeed, the *Coultrip* discovery will be near completion regarding class certification issues

13  when this Court holds the *Oblitas-Rios* Early Neutral Evaluation conference on June 4, 2007.

14          In a letter to Judge Hellerstein, dated May 1, 2007, Mr. Oblitas-Rios' counsel stated

15  that despite the relatedness of the actions and the extensive discovery taking place in the

16  *Coultrip/Jeter* actions, the *Oblitas-Rios* action would move forward independently and file a class

17  certification "on behalf of a pure California class." (*See* Lodgment of Exhibits, Exhibit 7).  Because

18  these actions are substantially similar, the concurrent adjudication of these actions poses a serious

19  threat to this litigation and the putative class members, including, but not limited to, inconsistency of

20  class certifications.  Accordingly, Pfizer is moving to transfer this case to the Southern District of

21  New York, where these identical claims can be adjudicated together.

22

23

24

25

26  Jeter responds that she discussed with Mr. Oblitas-Rios the calls he had received from Pfizer

27  representatives in California who heard about the suit. (*See* Lodgment of Exhibits, Exhibit 6, at pp.
    3-4).  She also states that she provided him with a copy of Pfizer policies and procedures.  Such

28  cooperation certainly demonstrates the relatedness of these cases.

LITTLER MENDELSON
A Professional Corporation
501 W. Broadway
Suite 900
San Diego, CA 92101 3577
619 232 0441

7       CASE NO. 06-CV-2679 BTM (AJB)
        MEMO IN SUPPORT OF MOTION TO
        TRANSFER VENUE

1

**III.**
**ARGUMENT**

**A.    This Court should grant Pfizer's Motion to Transfer Venue**

"For the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought." 28 U.S.C. § 1404(a). "Under § 1404(a), the district court has discretion 'to adjudicate motions for transfer according to an individualized, case-by-case consideration of convenience and fairness.'" *Jones v. GNC Franchising, Inc.*, 211 F.3d 495, 498 (9th Cir. 2000) (internal quotations omitted) (quoting *Stewart Org. v. Ricoh Corp.*, 487 U.S. 22, 29, 108 S.Ct. 2239, 101 L.Ed.2d 22 (1988)). The moving party bears the burden of showing that a transfer will serve the "convenience of parties and witnesses and interests of justice." *Commodity Futures Trading Comm'n v. Savage*, 611 F.2d 270, 279 (9th Cir. 1979).

When deciding whether to transfer venue, courts analyze the following factors: "(1) that venue is proper in the transferor district; (2) that the transferee district is one where the action might have been brought; and (3) that the transfer will serve the convenience of the parties and witnesses and will promote the interest of justice." *Goodyear Tire & Rubber v. McDonnell Douglas Corp.*, 820 F. Supp. 503 (C.D. Cal. 1992) (citing *Mercury Serv., Inc. v. Allied Bank of Texas*, 117 F.R.D. 147, 154-55 (C.D.Cal.1987), *aff'd without opinion*, 907 F.2d 154 (9th Cir.1990), *overruled on other grounds see, Triad Systems Corp. v. Southeastern Exp. Co.*, 64 F.3d 1330, 1340 n.21 (9th Cir. 1995). These factors weigh heavily in favor of transferring this case to the Southern District of New York.

1.    Although venue is proper in this Court, Mr. Oblitas-Rios could have (and should have) filed this case in the Southern District of New York.

To be entitled to transfer, the moving party must first establish that jurisdiction and venue are proper in the transferee court, i.e., that the proposed forum is one in which the case could originally have been filed. *Gerin v. Aegon USA, Inc.*, No. C 06-5407 SBA, 2007 WL 1033472, at *6 (N.D. Cal. Apr. 4, 2007) (citing *Hoffman v. Blaski*, 363 U.S. 335, 344, 80 S.Ct. 1084, 4 L.Ed.2d 1254 (1960)). Thus, Pfizer must show that Mr. Oblitas-Rios could have filed this case in the Southern District of New York. There is no doubt that he could have. First, the Southern District of

LITTLER MENDELSON
A PROFESSIONAL CORPORATION
501 W. Broadway
Suite 900
San Diego, CA 92101-3577
619 232 0441

8

CASE NO. 06-CV-2679 BTM (AJB)
MEMO IN SUPPORT OF MOTION TO
TRANSFER VENUE

1    New York has subject matter jurisdiction over Mr. Oblitas-Rios' federal wage and hour claims

2    because they raise a federal question, 28 U.S.C. § 1331, and jurisdiction over the California state

3    claims pursuant to supplemental jurisdiction. 28 U.S.C. § 1367. Second, because Pfizer's principal

4    place of business is New York, New York, Pfizer is subject to personal jurisdiction in New York. 28

5    U.S.C. § 1391(c); *see also* Declaration of Deborah Juantorena ("Juantorena Decl.") at ¶ 4. Lastly,

6    because Pfizer's principal place of business is in New York, New York and the allegedly unlawful

7    practices were established and effectuated in New York, venue has always been proper in the

8    Southern District of New York. 28 U.S.C. § 1391(b)(1); (c). Accordingly, Mr. Oblitas-Rios could

9    have filed this lawsuit in the Southern District of New York and Pfizer has established the first

10   prerequisite to transferring this action.

11          2.      The interests of justice also favor the transfer of this case.

12          "The 'interests of justice' consideration is the most important fact a court must

13   consider, and may be decisive in a transfer motion even when all other factors point the other way."

14   *Gerin*, 2007 WL 1033472, at *6 (citing *London and Hull Mar. Ins. Co. Ltd. v. Eagle Pac. Ins. Co.*,

15   1996 WL 479013, at *3 (N.D. Cal. 1996); *Pratt v. Rowland*, 769 F. Supp. 1128, 1133 (N.D. Cal.

16   1991)).[6] Examining whether to transfer in the interests of justice, "courts consider: (1) avoidance

17   of multiple actions, (2) sending the action to the state most familiar with the governing law, and (3)

18   the feasibility of consolidation with other actions. *Alexander v. Franklin Resources, Inc.*, No. C 06-

19   7121 SI, 2007 WL 518859, at *2 (N.D. Cal. Feb. 14, 2007) (citing *A.J. Industries, Inc. v. United*

20   *States Dist. Ct.*, 503 F.2d 384 (9th Cir. 1974)). "A major consideration is the desire to avoid

21   multiplicity of litigation from a single transaction." *Id.* Courts may also consider the first-to-file

22   rule in this analysis. *Byerson v. Equifax Information Servs., LLC*, 467 F. Supp. 2d 627, 635 (E.D.

23   Va. 2006) (citing *Samsung Elecs. Co., Ltd. v. Rambus, Inc.*, 386 F. Supp. 2d 708, 721-25 (E.D. Va.

24   2005)).

25   _____

26   [6] *Byerson v. Equifax Information Servs., LLC*, 467 F. Supp. 2d 627, 635 (E.D. Va. 2006) ("In some

27   cases, 'the interest of justice may be decisive in ruling on a transfer motion, even though the
     convenience of the parties and witnesses point in a different direction.'") (quoting *Samsung*, 386 F.
     Supp. 2d at 716).

28

LITTLER MENDELSON
A PROFESSIONAL CORPORATION
501 W. Broadway
Suite 900
San Diego, CA 92101 3577
619.232.0441

9

CASE NO. 06-CV-2679 BTM (AJB)
MEMO IN SUPPORT OF MOTION TO
TRANSFER VENUE

1             a.     Because the multiplicity of actions arise out of a single transaction, the
2                      interests of justice favor transferring this case.

3             The interests of justice clearly militate in favor of transferring this action to the

4 Southern District of New York. Specifically, the first and third factors nearly mandate transfer.

5 Transferring this action will consolidate the actions against Pfizer under the direction of Judge

6 Hellerstein of the Southern District of New York. Accordingly, he could manage the various cases

7 consistently to ensure that no conflicting results occur.[7] Furthermore, the Southern District of New

8 York has achieved feasibility of consolidation between *Coultrip* and *Jeter*, and it would certainly be

9 able to do the same with Mr. Oblitas-Rios' action.

10             Although the second issue regarding the transferee court's familiarity with governing

11 law is somewhat neutral, this factor still favors transfer. First, to the extent that Mr. Oblitas-Rios'

12 Complaint alleges FLSA actions, the Southern District of New York is equally competent to decide

13 this federal issue as this Court. *Alexander*, 2007 WL 518859, at *4. Second, to the extent that his

14 Complaint alleges California specific law, these causes of action "arise out of the same factual

15 predicate" as his FLSA claims and further support the transfer. *See id.* at *3. Nevertheless, to the

16 extent that they differ, the Southern District of New York is competent to examine these issues under

17 California law, as it will do with Mr. Albarran's causes of action alleged in *Coultrip*.

18             Examining the interests of justice in similar actions, multiple courts in this Circuit and

19 others have granted transfer of venue. *Gerin*, 2007 WL 1033472; *Alexander*, 2007 WL 518859;

20 *Wiley v. Trendwest Resorts, Inc.*, No. C 04-4321, 2005 WL 1910934 (N.D. Cal. Aug. 10, 2005);

21 *Byerson*, 467 F. Supp. 2d 627; *Jenkins v. H & R Block, Inc.*, No. 4:06-cv-00365 GTE, 2006 WL

22 1408328 (E.D. Ark. May 17, 2006); *Fuller v. Abercrombie & Fitch Stores, Inc.*, 370 F. Supp. 2d 686

23 (E.D. Tenn. 2005); *Grace v. Bank Leumi Trust Co. of New York*, No. 02 Civ. 6612 (RMB), 2004 WL

24 639468 (S.D.N.Y. Mar. 31, 2004). Accordingly, the interests of justice weigh heavily in favor of

25 transferring this action to the Southern District of New York.

26
27
28

---

[7] For example, Mr. Oblitas-Rios' counsel, Cohelan & Khoury, are soliciting Pfizer sales representatives in violation of Judge Hellerstein's February 27, 2007 Order in the *Coultrip* action that the parties refrain from communicating with putative class members regarding the litigation. Transfer would preclude such conflicts from occurring.

LITTLER MENDELSON
A PROFESSIONAL CORPORATION
501 W. Broadway
Suite 900
San Diego, CA 92101 3577
619 232 0441

10

CASE NO. 06-CV-2679 BTM (AJB)
MEMO IN SUPPORT OF MOTION TO
TRANSFER VENUE

b.  First-to-File Rule

Further supporting this conclusion is the fact that the *Coultrip* action was filed in the Southern District of New York before Mr. Oblitas-Rios filed his action.  The first-to-file rule allows a court presiding over a later-filed suit to transfer, stay, or dismiss that suit.  *See Gerin*, 2007 WL 1033472, at *4 (citing *Pacesetter Systems, Inc. v. Medtronic, Inc.*, 678 F.2d 93, 94-95 (9th Cir. 1982); *Alltrade Inc. v. Uniweld Prods., Inc.*, 946 F.2d 622, 625 (9th Cir. 1991)).  The first-to-file rule does not require that the suits be identical, but, rather, that there be "substantial overlap." *Id.* (citing *Nakash v. Marciano*, 882 F.2d 1411, 1416 (9th Cir. 1989)).  The substantial overlap requirement can be met even where one case alleges additional claims.  *See Fuller*, 370 F. Supp. 2d at 690 (citing *Save Power Ltd. v. Syntek Fin. Corp.*, 121 F.3d 947, 950-51 (5th Cir. 1997); *Thomas & Betts Corp. v. Hayes*, 222 F. Supp. 2d 994, 996 (W.D. Tenn. 2002); *Planting Res., Inc. v. UTI Corp.*, 47 F. Supp. 2d 899, 903-04 (N.D. Ohio 1999)).  This requirement is also met when the parties to the actions are not identical, but merely similar.  *See Dumas v. Major League Baseball Props., Inc.*, 52 F. Supp. 2d 1183, 1188-89 (S.D. Cal. 1999), *vacated on other grounds*, *Rodriguez v. Topps Co., Inc.*, 104 F. Supp. 2d 1224 (S.D. Cal. 2000).

Here, on October 19, 2006, the *Coultrip* plaintiffs filed their Original Complaint alleging FLSA and state wage and hour causes of action in Illinois, Pennsylvania, and Wisconsin.  In the interim, Mr. Oblitas-Rios filed this action on November 1, 2006 in the Superior Court of the State of California, County of San Diego.  On November 17, 2006, the *Coultrip* plaintiffs amended their Complaint to include California wage and hour claims.  Thereafter, on December 8, 2006, Pfizer removed this action to this Court.  Despite the fact that the *Coultrip* First Amended Complaint was filed after Mr. Oblitas-Rios filed this action in state court, the *Coultrip* original complaint was filed before this action.  *Ward v. Follett Corp.*, 158 F.R.D. 645 (N.D. Cal. Oct. 25, 1994) ("In determining when a party filed an action for purposes of the first to file rule, courts focus on the date upon which the party filed its original, rather than amended complaint.").

LITTLER MENDELSON
A PROFESSIONAL CORPORATION
501 W. Broadway
Suite 900
San Diego, CA 92101 3577
619 232 0441

CASE NO. 06-CV-2679 BTM (AJB)
MEMO IN SUPPORT OF MOTION TO
TRANSFER VENUE

1         Moreover, because these cases share identical claims,[8] the parallel adjudication of

2  them will only place the parties under the perpetual threat of inconsistent results. Indeed, the

3  inevitable conflicts and confusion inherent in the simultaneous litigation of related cases has already

4  surfaced here. As noted above, on February 27, 2007, Judge Hellerstein ordered the *Coultrip* parties

5  not to communicate with putative class members regarding the litigation until he resolved class

6  certification. Because Mr. Oblitas-Rios' proposed class overlaps with the proposed class in

7  *Coultrip*, Pfizer cannot communicate with putative class members in the *Oblitas-Rios* action,

8  although ordinarily it could do so. Meanwhile, Mr. Oblitas-Rios's counsel, Cohelan & Khoury,

9  apparently believe they are free to solicit and otherwise communicate with putative class-members

10  because they are doing just that. (*See* Lodgment of Exhibits, Exhibit 8). Cohelan & Khoury's

11  conduct highlights the very dangers associated with litigating competing class actions

12  simultaneously. Although the Cohelan firm is admittedly cooperating with counsel in the *Coultrip*

13  action, and may well have a financial interest in that litigation (*see* Lodgment of Exhibits, Exhibits 7

14  and 8), they are nonetheless soliciting and/or communicating with current and former Pfizer sales

15  representatives in violation of Judge Hellerstein's Order. This action puts Pfizer at a disadvantage;

16  although its counsel may not communicate with putative class members regarding the lawsuit,

17  Cohelan & Khoury apparently believes it can merely by formally refusing to join forces with

18  Plaintiffs' counsel in *Coultrip*. Such a result is not only improper, it fosters claim splitting and

19  forum shopping, the very things Section 1404(a) is designed to prevent. Accordingly, the first-to-

20  file rule and policy considerations behind it further support transferring this action.

21       3.   The convenience of the parties and witnesses favors transferring this case.

22         The convenience factor also weighs in support of transferring this case. When

23  determining whether transfer will promote the interests of convenience and justice, courts may

24  consider a number of factors, including: (1) plaintiff's choice of forum, (2) convenience of the

25  parties, (3) convenience of the witnesses, (4) ease of access to the evidence, (5) familiarity of each

26

27  [8] Mr. Oblitas-Rios' counsel conceded the relatedness of these actions in his letter to Judge

28  Hellerstein. (*See* Exhibit 7). Moreover, this relatedness is also exhibited in Ms. Jeter's cooperation
with Mr. Oblitas-Rios. (*See* Exhibit 6).

LITTLER MENDELSON
A PROFESSIONAL CORPORATION
501 W. Broadway
Suite 900
San Diego, CA 92101 3577
619 232 0441

12

CASE NO. 06-CV-2679 BTM (AJB)
MEMO IN SUPPORT OF MOTION TO
TRANSFER VENUE

1  forum with the applicable law, (6) feasibility of consolidation of other claims, (7) any local interest

2  in the controversy, and (8) the relative court congestion and time of trial in each forum. *Williams v.*

3  *Bowman*, 157 F. Supp. 2d 1103, 1106 (N.D. Cal. 2001) (citing *Royal Queentex Enterprises Inc v.*

4  *Sara Lee Corp.*, No. C-99-4787 MJJ, 2000 WL 246599, at *2 (N.D. Cal. Mar. 1, 2000); *Decker Coal*

5  *Co. v. Commonwealth Edison Co.*, 805 F.2d 834, 843 (9th Cir. 1986)).  Each of these factors

6  supports transfer to the Southern District of New York.

7                    a.    Mr. Oblitas-Rios Choice of Forum Deserves Little Weight.

8            Although a plaintiff's choice of forum is generally given great weight, "the plaintiff's

9  choice of forum receives less deference when the plaintiff brings a purported class action." *Wiley*,

10  2005 WL 1910934, at *2 (citing *Lou v. Belzberg*, 834 F.2d 730, 739 (9th Cir. 1987)).  "In class

11  actions, 'the named plaintiff's choice of forum is afforded little weight because in such a case, there

12  will be numerous potential plaintiffs, each possibly able to make a showing that a particular forum is

13  best suited for the adjudication of the class' claim.'" *Byerson*, 467 F. Supp. 2d at 633 (quoting

14  *Eichenholtz v. Brennan*, 677 F. Supp. 198, 202 (S.D.N.Y. 1988)).  Moreover, "[i]f the operative facts

15  have not occurred within the forum and the forum has no interest in the parties or subject matter, [the

16  plaintiff's] choice is entitled to only minimal consideration." *Lou*, 834 F.2d at 739 (citing *Pacific*

17  *Car & Foundry Co. v. Pence*, 403 F.2d 949, 954 (9th Cir. 1968)); *accord TruServ Corp. v. Neff*, 6 F.

18  Supp. 2d 790, 794 (N.D. Ill. 1994).

19            Here, Mr. Oblitas-Rios' choice of forum should receive little, if any, weight.  The

20  conduct and events that give rise to his cause of action, the manner in which Pfizer paid and

21  classified him and those similarly situated, were set into action in New York, where Pfizer is

22  headquartered.  (*See* Juantorena Decl., at ¶¶ 4, 5).  Indeed, the basis of his complaint rests upon

23  directives which emanate from corporate headquarters.  It is also likely that the decisions and actions

24  on which Mr. Oblitas-Rios bases Pfizer's liability will likely be decisions and actions that took place

25  outside of California—specifically, in New York at Pfizer's headquarters. (Juantorena Decl., at ¶¶ 4,

26  5, 8, 9).

27            Moreover, as the Northern District of California observed, the fact that a named

28  plaintiff worked in a district where some operative facts occurred is of no weight if the purported

LITTLER MENDELSON
A PROFESSIONAL CORPORATION
501 W. Broadway
Suite 900
San Diego, CA 92101 3577
619 232 0441

13

CASE NO. 06-CV-2679 BTM (AJB)
MEMO IN SUPPORT OF MOTION TO
TRANSFER VENUE

1   injury occurred in other districts in the nation as well. *Stuart v. ESPN*, No. C 06-02094, 2006 WL

2   2433416, at *4 (N.D. Cal. Aug. 21, 2006). If Mr. Oblitas-Rios' allegations are afforded any weight,

3   part of his injury—and the purported injuries of the putative class—certainly occurred outside the

4   State of California. (*See, e.g.*, Juantorena Decl., at ¶¶ 4, 5, 8-10).

5             As a final matter, Mr. Oblitas-Rios' choice of this forum constitutes forum shopping,

6   and this Court should disregard his forum choice. *See Alexander*, 2007 WL 518859 (citing *Alltrade,*

7   *Inc. v. Uniweld Products, Inc.*, 946 F.2d 622, 628 (9th Cir. 1991)). As is clear from the

8   correspondence authored by counsel for Mr. Oblitas-Rios and the *Coultrip* Plaintiffs, all Plaintiffs'

9   counsel are working closely together. (*See* Lodgment of Exhibits, Exhibits 7 and 9). Indeed, the

10  firms at issue have suits together against Bayer[9] and GlaxoSmithKline[10]. Although they run

11  different cases, these plaintiffs' counsel have cooperated in actions together, including Cohelan &

12  Khoury participating in 30(b)(6) depositions in the Bayer case where Kingsley & Kingsley represent

13  the plaintiffs. District courts have held that courts could infer forum shopping where, among other

14  things, the same law firm was involved in a similar suit. *See Alexander*, 2007 WL 518859, at *4.

15  This court could certainly infer forum shopping where the same suit, based on the same law and

16  factual nexus, is proceeding in the Southern District of New York with attorneys who work, at the

17  very least informally, with Plaintiffs' counsel here.[11] An assumption of forum shopping is further

18  supported by Mr. Oblitas-Rios' attempts to end-run around Judge Hellerstein's Orders.

19  Accordingly, this Court should give no weight to Mr. Oblitas-Rios' forum choice.

20

21

22

---

23  [9] Kingsley & Kingsley represents the plaintiff in *Balyasny et al. v. Bayer Corp. et al.*, Civ. A. No.
24  06-07594 (C.D. Cal.). Cohelan & Khoury represent the plaintiff in *Goldstein et al. v. Bayer Corp. et al.*, Civ. A. No. 06-2707 (S.D. Cal.).

25  [10] Kingsley & Kingsley represents the plaintiff in *Silverman et al. v. GlaxoSmithKline, PLC*, Civ. A.
    No. 06-07272 (C.D. Cal.). Cohelan & Khoury represent the plaintiff in *Stehle et al. v. Smithkline*
26  *Beecham d/b/a GlaxoSmithKline et al.*, Civ. A. No. 06-2713 (S.D. Cal.).

    [11] In fact, Cohelan & Khoury's website lists the Pfizer case as one of their class actions and states
27  that they have "[m]isclassification actions in California and *New York* on behalf of Pharmaceutical
    Representatives who promote and market prescription drugs manufactured by Pfizer to physicians
28  and hospitals for unpaid overtime and unprovided meal and rest periods." (*See* Exhibit 8).

LITTLER MENDELSON
A PROFESSIONAL CORPORATION
501 W. Broadway
Suite 900
San Diego, CA 92101 3577
619.232.0441

14        CASE NO. 06-CV-2679 BTM (AJB)
          MEMO IN SUPPORT OF MOTION TO
          TRANSFER VENUE

1

          b.    Convenience of the Parties

2               Party convenience supports transferring this matter to the Southern District of New

3 York. Pfizer, the only named Defendant in this action, has its principal place of business in New

4 York. (*See* Juantorena Decl., at ¶ 4). Indeed, Pfizer's headquarters in New York encompasses

5 virtually all of its domestic pharmaceutical operations and the corporate departments supporting

6 these operations, including finance, compensation, incentive compensation, human resources,

7 employee benefits, legal, sales operations, marketing, training, and compliance. (Juantorena Decl.,

8 at ¶ 4). Pfizer processes its payroll and maintains its payroll records in Peapack, New Jersey, fifty

9 miles from its New York headquarters. (Juantorena Decl., at ¶ 6). Moreover, the key operational

10 and administrative personnel who Pfizer would have testify to payroll practices and company policy

11 and classification procedures regarding the positions at issue are located and work in New York.

12 (*See* Juantorena Decl., at ¶¶ 5, 6).

13               Furthermore, one of the key issues involved in this litigation, training, is located in

14 the New York area. Pfizer operates the Pfizer Learning Center (the "PLC"), a national training

15 center for its sales representatives, in Rye Brook, New York, which is approximately twenty-five

16 miles from Pfizer's headquarters. (Juantorena Decl., at ¶ 9). The training curriculum for this facility

17 and records related to the training activities are developed and maintained at Pfizer's headquarters

18 and the Rye Brook facility. (*Id.*). Thousands of Pfizer's sales representatives attend sales and

19 product trainings at this facility annually. (*Id.*).

20               Additionally, the vast majority of District Managers and Regional managers to whom

21 putative class members reported have no connection to the Southern District of California, as they

22 control regions outside of San Diego and states outside of California. (*See* Juantorena Decl., at ¶¶

23 11, 13-15). Even putative class members are likely to be located outside of California, as Pfizer's

24 sales territories are not divided along state lines.[12] (*See* Juantorena Decl., at ¶¶ 8, 10, 16).

25 Furthermore, of those sales representatives who work in California, many report outside of

26 California, including the New York headquarters. (Juantorena Decl., at ¶ 10). As such, it defies

27

28 [12] The vast majority of Pfizer's sales representatives are located outside California. (Juantorena Decl., at ¶ 8).

LITTLER MENDELSON
A PROFESSIONAL CORPORATION
501 W. Broadway
Suite 900
San Diego, CA 92101 3577
619.232.0441

15

CASE NO. 06-CV-2679 BTM (AJB)
MEMO IN SUPPORT OF MOTION TO
TRANSFER VENUE

1   logic that the Southern District of California is a more convenient forum than the Southern District
2   of New York.

3       Moreover, where there are multiple actions, "appearing in a single district is more
4   convenient than appearing in two different districts on opposite coasts of the country." *Alexander*,
5   2007 WL 518859, at *3. Although Mr. Oblitas-Rios is not involved in the *Coultrip* action, he is a
6   putative class member in that case, and his claims are identical. It would certainly be more feasible
7   for the parties to adjudicate their claims in the same forum. (*See* Juantorena Decl., at ¶ 15).
8   Accordingly, these individuals listed above will likely have to participate in both actions making
9   consolidation in the Southern District of New York more favorable and convenient. *See, e.g.*,
10  *Evancho v. Sanofi-Aventis U.S. Inc.*, No. C 07-00098 SI, 2007 WL 1302985, at *3 (N.D. Cal. May 3,
11  2007) (*See* Lodgment of Exhibits, Exhibit 10).

12          c.    Convenience of the Witnesses

13      Witness convenience also supports transferring this case to the Southern District of
14  New York. Looking at this factor, courts often consider the availability of compulsory process to
15  secure the testimony of witnesses and rule in favor of transfer where such necessary witnesses
16  cannot be compelled to testify. *Joint Stock Soc'y, Trade House of Descendents of Peter Smirnof v.*
17  *Heublein, Inc.*, 936 F. Supp. 177, 190 (D. Del. 1996) (compulsory process in transferee court favors
18  transfer); *see also Gulf Oil Corp. v. Gilbert*, 330 U.S. 501, 508 (1947), *superseded by statute see*, 28
19  U.S.C. § 1404(a), *American Dredging Co. v. Miller*, 501 U.S. 433, 499 n.2 (1994). As discussed
20  above, many of the absent putative members are located outside the jurisdiction of this Court.
21  Similarly, Pfizer's District and Regional Managers are outside of this Court's jurisdiction as well.[13]

22      Furthermore, Mr. Oblitas-Rios' case theory will likely require individuals who are
23  capable of testifying to the Sales Representatives' job duties, training, and classifications as exempt.
24  Specifically, the class plaintiffs will likely argue that they do not conduct themselves with sufficient

25

---

26  [13] Even assuming that Pfizer will compel the attendance of its managers and other witness-
    employees, it is still preferable to litigate in a court where compulsory process is available for most
27  witnesses. *Burstein v. Applied Extrusion Techs., Inc.*, 829 F. Supp. 106, 113 (D. Del. 1992) ("the
    interests of justice would be better served by transferring the action to . . . where their attendance
28  could be assured, not merely presumed.").

LITTLER MENDELSON
A PROFESSIONAL CORPORATION
501 W. Broadway
Suite 900
San Diego, CA 92101 3577
619 232 0441

16

CASE NO. 06-CV-2679 BTM (AJB)
MEMO IN SUPPORT OF MOTION TO
TRANSFER VENUE

1  independence and discretion to satisfy the FLSA's administrative exemption from overtime. Pfizer

2  will want to produce corporate witnesses who can respond to such testimony and assertions, as well

3  as testify to documents that are located in corporate headquarters in New York. (*See* Juantorena

4  Decl., at ¶¶ 9-12). If this action were to stay in this Court, these individuals would have to travel

5  across the country to testify. (*See* Juantorena Decl., at ¶ 13). Accordingly, it is inherently more

6  convenient for this Court to transfer this matter to the Southern District of New York.

7          d.     Ease of Access to the Evidence

8        Once again, this factor weighs in favor of transfer as Pfizer's key corporate

9  documents are also located in New York. Specifically, relevant documents relating to sales,

10  marketing practices, training, and anything else supporting or rebutting Mr. Oblitas-Rios' case

11  would most likely be located in New York. (*See* Juantorena Decl., at ¶¶ 4-6). Similarly, Pfizer's

12  documents related to payroll records, as well as corporate decisions regarding overtime and

13  employee classification, would certainly be located in New York. (Juantorena Decl., at ¶¶ 4, 5).

14  Producing these documents would be extremely voluminous, expensive, and would disrupt Pfizer's

15  business operations. (Juantorena Decl., at ¶ 7). Moreover, even to the extent that these documents

16  could be made available, the Southern District of New York is still preferable due to its proximity to

17  Pfizer's headquarters. *See Wang v. LB Int'l Inc.*, No. C 04-2475, 2005 WL 2090672, at *2 (W.D.

18  Wash. Aug. 29, 2005) (physical location of documents favors transfer even if documents can be

19  electronically imaged). Accordingly, this factor weighs in support of transferring this case to the

20  Southern District of New York.

21          e.     Familiarity of Each Forum with the Applicable Law

22        Mr. Oblitas-Rios will certainly argue that because his claims are based in part on

23  California law that this Court would more properly be suited to adjudicate his claims. Nevertheless,

24  the Southern District of New York is fully capable of applying California law as it must in the

25  *Coultrip* matter. Additionally, because of the similarities between the FLSA and California's wage

26  and hour law, the Southern District of New York will likely be able to apply the applicable law with

27  ease. *Waterbury v. Safeway Inc.*, No. C 06-02072 JL, 2006 WL 3147687 (N.D. Cal. Oct. 31, 2006)

28  (holding that the federal and California wage and hour law are quite similar and that the underlying

LITTLER MENDELSON
A PROFESSIONAL CORPORATION
501 W. Broadway
Suite 900
San Diego, CA 92101 3577
619 232 0441

17

CASE NO. 06-CV-2679 BTM (AJB)
MEMO IN SUPPORT OF MOTION TO
TRANSFER VENUE

1  question is the same). Finally, to the extent that Mr. Oblitas-Rios states claims pursuant to the

2  FLSA, the Southern District of New York is equally capable of hearing and deciding those

3  questions. *See Alexander*, 2007 WL 518859, at \*4 ("Where federal law governs all claims raised, as

4  here, 'either forum is equally capable of hearing and deciding those questions.'") (quoting

5  *DealTime.com Ltd. v. McNulty*, 123 F. Supp. 2d 750, 757 (S.D.N.Y. 2000)).

6              f.    Feasibility of Consolidation of Other Claims

7              The feasibility of consolidation of the other claims against Pfizer once again weighs

8  in favor of transfer. Specifically, consolidating the *Oblitas-Rios* action with the *Coultrip* and *Jeter*

9  actions before the Southern District of New York and Judge Hellerstein "would promote judicial

10  economy and allow the parties to resolve all differences in a single forum and avoid conflicting

11  decisions by different courts." *Owner-Operator Independent Drivers Ass'n, Inc. v. C.R. England,*

12  *Inc.*, No. CV F 02-5664 AWI SMS, 2002 WL 32831640, at \*11 (E.D. Cal., Aug. 19, 2002). Indeed,

13  the *Coultrip* and *Jeter* actions are being managed as related cases, so consolidation with these cases

14  will be simple.

15              g.    Any Local Interest in the Controversy

16              Although Mr. Oblitas-Rios can certainly argue that the local public and jury pool of

17  the Southern District of California have an interest in alleged labor violations, it is also true that the

18  local public and jury pool of the Southern District of New York have a local interest because the

19  decisions at issue in this case, overtime pay and classifications, were made in New York at Pfizer's

20  headquarters. *See, e.g.*, *Ellis v. Costco Wholesale Corp.*, 372 F. Supp. 2d 530, 536 (N.D. Cal. 2005)

21  (noting that under the Title VII venue provision "that 'venue is proper in both the forum where the

22  employment decision is made and the forum in which that decision is implemented or its effects are

23  felt.'") (quoting *Passantino v. Johnson & Johnson Consumer Products, Inc.*, 212 F.3d 493, 506 (9th

24  Cir. 2000)). Accordingly, this factor is neutral.

25              h.    The Relative Court Congestion and Time of Trial in Each Forum

26              The Southern District of New York and the Southern District of California have

27  equally congested case loads. (*See* Lodgment of Exhibits, Exhibits 11 and 12). Accordingly, this

28  factor is neutral.

LITTLER MENDELSON
A PROFESSIONAL CORPORATION
501 W. Broadway
Suite 900
San Diego, CA 92101 3577
619 232 0441

18

CASE NO. 06-CV-2679 BTM (AJB)
MEMO IN SUPPORT OF MOTION TO
TRANSFER VENUE

1    Taking the above-listed factors collectively, it is readily apparent that the *Oblitas-*

2  *Rios* action should be tried alongside the *Coultrip* and *Jeter* actions and be subject to Judge

3  Hellerstein's supervision of the related cases.  Balancing the factors of convenience of the parties

4  and witnesses with the interests of justice, this Court should transfer this case to the Southern

5  District of New York.

6  **B.    In the alternative, this Court should stay this action, pending the resolution of the**
   **     *Coultrip* action, pursuant to the first-to-file rule.**

7

8    Pursuant to the first-to-file rule, "[w]here a complaint involving the same parties and

9  the same issues has already been filed in another federal district, the court presiding over the later-

10  filed suit may either transfer, stay, or dismiss that suit."[14]  *Gerin*, 2007 WL 1033472, at *4 (citing

11  *Pacesetter*, 678 F.2d at 94-95; *Alltrade Inc.*, 946 F.2d at 625).  Whether to transfer, stay, or dismiss

12  the action is within the district court's discretion.  *Id.* (citing *Serco Servs. Co. v. Kelley Co.*, 51 F.3d

13  1037, 1039 (Fed. Cir. 1995)).  "The purpose of this rule is 'to avoid the waste of duplication, to

14  avoid rulings which may trench upon the authority of other courts, and to avoid piecemeal resolution

15  of issues that call for a uniform result.'"  *Id.* (citing *Panasonic Corp. v. Patriot Scientific Corp.*,

16  2006 WL 709024, at *2 (N.D. Cal. 2006)).  The rule also serves to "foster federal comity."  *Id.*

17  (citing *Pacesetter*, 678 F.2d at 94).  This rule does not require that the cases be identical, but that

18  there be substantial overlap.  *Id.* (citing *Nakash*, 882 F.2d at 1416).

19    This Court has the discretion necessary to choose whether to transfer or stay this

20  action.  If this Court does not transfer this action, as requested by Pfizer above, then this Court

21  should stay Mr. Oblitas-Rios' action pending the resolution of the *Coultrip* action.  Indeed, these

22  cases share identical claims.  For all the reasons explained above, allowing these two actions to

23  proceed in a parallel fashion will inevitably lead to confusion, conflict, and unfair results to the

24  parties and putative class members.

25

26

27

28  ---
[14] *See* first-to-file legal standard and discussion above at I.A.2.b.

LITTLER MENDELSON
A PROFESSIONAL CORPORATION
501 W. Broadway
Suite 900
San Diego, CA 92101 3577
619.232.0441

19

CASE NO. 06-CV-2679 BTM (AJB)
MEMO IN SUPPORT OF MOTION TO
TRANSFER VENUE

1

## IV.
## CONCLUSION

The risks of conflict and duplication between the *Coultrip/Jeter* and *Oblitas-Rios* actions militates in favor of this Court transferring the present action to the Southern District of New York. In the alternative, this Court should stay these proceedings pending resolution of the *Coultrip* matter considering that this action is a later-filed and substantially related action.

Dated: May _/6_, 2007

JEREMY A. ROTH
STACEY E. JAMES
LITTLER MENDELSON
A Professional Corporation
Attorneys for Defendant
PFIZER INC.

LITTLER MENDELSON
A PROFESSIONAL CORPORATION
501 W. Broadway
Suite 900
San Diego, CA 92101.3577
619.232.0441

20

CASE NO. 06-CV-2679 BTM (AJB)
MEMO IN SUPPORT OF MOTION TO
TRANSFER VENUE