## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF NEW YORK

FERNANDO OBLITAS-RIOS, on behalf of himself and others similarly situated,

          Plaintiff,

    v.

PFIZER INC., et al.,

          Defendant.

Civil Action No. 1:07-cv-04532-AKH

Honorable Alvin K. Hellerstein

### DEFENDANT PFIZER INC.'S AMENDED ANSWER
### AND AFFIRMATIVE AND OTHER DEFENSES TO PLAINTIFF'S COMPLAINT

Defendant Pfizer Inc. (hereinafter "Pfizer") hereby files its Amended Answer and Affirmative and Other Defenses to the Complaint of Plaintiff Fernando Oblitas-Rios, on behalf of himself and others similarly situated, and states as follows:

1.      Pfizer incorporates its General Denial to Paragraphs 1-83 as set forth in its Original Answer and Affirmative Defenses to Plaintiff's First Amended Complaint, filed in the Superior Court of the State of California, County of San Diego, on December 7, 2006.

### AFFIRMATIVE AND OTHER DEFENSES

### FIRST DEFENSE

As a separate and distinct defense, Defendant alleges that the Complaint, and each and every alleged claim therein, fails to state facts sufficient to constitute a claim upon which relief can be granted.

## SECOND DEFENSE

As a separate and distinct defense, Defendant alleges that Plaintiff has failed, refused and/or neglected to mitigate or avoid the damages complained of in the Complaint, if any.

## THIRD DEFENSE

As a separate and distinct defense, Defendant alleges that Plaintiff's claims for equitable relief are barred by the doctrines of waiver, unclean hands, estoppel and/or laches.

## FOURTH DEFENSE

As a separate and distinct defense, Defendant alleges that Plaintiff is not entitled to equitable relief insofar as he has an adequate remedy at law.

## FIFTH DEFENSE

As a separate and distinct defense, Defendant alleges that the Complaint and each and every claim alleged therein is barred by all applicable statutes of limitations, including but not limited to, Code of Civil Procedure §§ 338, 339, 340, California Business and Professions Code § 17208, and 29 U.S.C. § 255, and other applicable statutes of limitations.

## SIXTH DEFENSE

As a separate and distinct defense, Defendant alleges that Plaintiff has not and cannot satisfy the requirements for proceeding in a collective action under the provisions of § 382 of the California Code of Civil Procedure on behalf of others "similarly situated."

## SEVENTH DEFENSE

As a separate and distinct defense, Defendant alleges that Plaintiff and all alleged potential class members have been paid and/or received all wages due to them by virtue of their employment with Defendant.  Moreover, Plaintiff is not entitled to overtime compensation because he is/was exempt from the overtime provisions of the Fair Labor Standards Act, the California Labor Code, the California Industrial Welfare Commission Wage Orders under one or more exemptions, or combination of exemptions, including but not limited to, the outside sales exemption, administrative exemption, executive exemption, highly compensated employee exemption and the motor carrier exemption, as they exist and are construed by federal and/or California state law.

## EIGHTH DEFENSE

As a separate and distinct defense, Defendant alleges that Plaintiff lacks standing to file and/or prosecute this action against Defendant and/or to receive any attorneys' fees.

## NINTH DEFENSE

As a separate and distinct defense, Defendant alleges that the Complaint fails to properly state a claim for attorney's fees under California Labor Code §§ 218.5 and 1194(a), California Business and Professions Code §§ 17200, *et seq.*, or any other basis.

## TENTH DEFENSE

As a separate and distinct defense, Defendant is informed and believes, and based thereon alleges, that Plaintiff was treated fairly and in good faith, and that Defendant acted in good faith at all times alleged in the Complaint, and at no time did Defendant engage in unfair or deceptive business practices.

## ELEVENTH DEFENSE

As a separate and distinct defense, Defendant alleges Plaintiff's alleged injuries were not proximately caused by any unlawful policy, custom, practice and/or procedure promulgated and/or tolerated by Defendant.

## TWELFTH DEFENSE

As a separate and distinct defense, Defendant alleges that, assuming *arguendo*, Plaintiff is entitled to recover additional compensation on behalf of himself and/or others, Defendant has not willfully or intentionally failed to pay such additional compensation, and as such, liquidated damages should not be awarded and only a two-year statute of limitations should apply under the Fair Labor Standards Act.

## THIRTEENTH DEFENSE

As a separate and distinct defense, Defendant alleges that Defendant has not willfully failed to pay Plaintiff any wages, and there is a bona fide, good faith dispute with respect to defendant's obligation to pay any wages that may be found to be due.

## FOURTEENTH DEFENSE

As a separate and distinct defense, Defendant alleges that Plaintiff's causes of action for, or based upon, a violation of Labor Code § 226.7 fails and/or recovery is limited as a matter of law because the one-hour-of-pay remedy for meal and rest period violations is a penalty, not wages, and therefore, the claim has a one year statute of limitations under California Code of Civil Procedure § 340(a).

## FIFTEENTH DEFENSE

As a separate and distinct defense, Defendant alleges that Plaintiff does not, and cannot, fairly and adequately represent the interests of the purported class.

4

<u>SIXTEENTH DEFENSE</u>

As a separate and distinct defense, Defendant alleges that Plaintiff's claim for penalties is barred because Defendant acted in good faith and reasonably believed that its conduct was lawful pursuant to Sections 10 and 11 of the Fair Labor Standards Act.

<u>SEVENTEENTH DEFENSE</u>

As a separate and distinct defense, Defendant alleges that certification of a class, as applied to the facts and circumstances of this case, would constitute a denial of Defendant's procedural rights and right to trial by jury and to substantive and procedural due process, in violation of the Fourteenth Amendment of the United States Constitution and the Due Process and Equal Protection Clauses of the California Constitution.

<u>EIGHTEENTH DEFENSE</u>

As a separate and distinct defense, Defendant alleges that this suit may not be properly maintained as a class action because:  (1) Plaintiff has failed to plead, and cannot establish, the necessary procedural elements for class treatment; (2) a class action is not an appropriate method for the fair and efficient adjudication of the claims described in the Complaint; (3) common issues of fact or law do not predominate and, to the contrary, individual issues predominate; (4) Plaintiff's claims are not representative or typical of the claims of the putative class; (5) Plaintiff is not a proper class representative; (6) Plaintiff and his counsel of record are not adequate representatives for the alleged putative class; (7) Plaintiff cannot satisfy any of the requirements for class action treatment, and class action treatment is neither appropriate nor constitutional; (8) there is not a well-defined community of interest in the questions of law or fact affecting Plaintiff and the members of the alleged putative class; (9) the alleged putative class is not

ascertainable, nor are its members identifiable; and (10) to the extent that the alleged

putative class is ascertainable and its members are identifiable, the number of putative

class members is too small to meet the numerosity requirement for a class action.

### NINETEENTH DEFENSE

As a separate and distinct defense, Defendant alleges that the adjudication of the

claims of the putative class through generalized class-wide proof violates Defendant's

rights to a trial by jury guaranteed by the United States and California Constitutions.

### TWENTIETH DEFENSE

As a separate and distinct defense, Defendant alleges that Plaintiff cannot recover

lost wages, penalties or other monetary remedies under Business and Professions Code

§§ 17200 *et seq.*

### TWENTY-FIRST DEFENSE

As a separate and distinct defense, Defendant alleges that Plaintiff is not entitled

to an award of prejudgment interest if he prevails on any or all of his claims.

### TWENTY-SECOND DEFENSE

As a separate and distinct defense, Defendant alleges that the Complaint fails to

properly state facts sufficient to entitle Plaintiff or putative class members to any relief,

including, but not limited to, its failure to properly state facts sufficient to identify any

actual or threatened harm to Plaintiff beyond pure speculation, its failure to allege facts

showing that Plaintiff has no adequate remedy at law, and its proposal of relief that would

impose an undue burden on both Defendant and the Court and be so uncertain as to be

wholly unenforceable.

<u>TWENTY-THIRD DEFENSE</u>

As a separate and distinct defense, Defendant alleges that Plaintiff has failed to allege sufficient facts to state a claim upon which punitive damages may be awarded.

<u>TWENTY-FOURTH DEFENSE</u>

As a separate and distinct defense, Defendant opposes class certification and disputes the propriety of class treatment. If the Court certifies a class in this case over Defendant's objections, then Defendant asserts the defenses set forth herein against each and every member of the certified class.

<u>ADDITIONAL DEFENSES</u>

Defendant does not presently know all facts with respect to the conduct alleged by Plaintiff sufficient to state all affirmative and other defenses at this time. Defendant reserves the right to amend this Answer should it later discover facts demonstrating the existence of additional affirmative and other defenses.

WHEREFORE, Defendant prays that:

1.      The Complaint be dismissed in its entirety with prejudice and Plaintiff take nothing by his Complaint;

2.      Judgment be entered against Plaintiff and in favor of Defendant;

3.      Defendant be awarded its costs of suit and reasonable attorneys' fees incurred herein; and

4.      The Court award Defendant such other and further relief as it deems appropriate.

_/s/ Kimberly J. Gost_
Kimberly J. Gost (KG 0880)
LITTLER MENDELSON, P.C.
Three Parkway
1601 Cherry Street, Suite 1400
Philadelphia, PA 19102
Telephone:  (267) 402-3007
Facsimile:   (267) 402-3131

Attorneys for Defendant
PFIZER, INC.

December 6, 2007

## CERTIFICATE OF SERVICE

I hereby certify that on December 6, 2007 I electronically filed the foregoing with the Clerk of the District Court using the CM/ECF systems, which sent notification of such filing to the following:

Michael D. Singer
Timothy D. Cohelan
Kimberly Dawn Nielson
Cohelan and Khourty
605 C Street
Suite 200
San Diego, CA 92101
(619) 595-3001

Roger R. Carter
The Carter Law Firm
2030 Main Street
13th Floor
Irvine, CA 92614
(949) 260-4737

Daniel Adam Osborn
Beatie and Osborn LLP
521 Fifth Avenue, 34th Floor
New York, NY 10175
(212)-888-9000
Fax: (212)-888-9664
Email: dosborn@bandolaw.com

*/s/ Kimberly J. Gost*
Kimberly J. Gost

9